THE KEYSTONE MANUFACTURING CO. ET AL. v. JOHNSON ET AL.

1. **Evidence: FRAUDULENT SALE.** The declarations of the seller of personal property, made after the sale and after he has parted with possession, are not admissible as evidence against the purchaser. The fact that an alleged sale was never in fact made cannot be established by the subsequent statements of the vendor that he is the owner of the property.

*Appeal from Lucas District Court.*

WEDNESDAY, DECEMBER 11.

THE defendant J. T. Johnson and one Soper were partners in the hardware and grocery business, at Chariton, Iowa, under the firm name of Soper & Johnson. On the 21st day of August, 1877, Soper sold to Johnson his interest in the partnership. By the contract of sale Johnson agreed to pay the partnership debts. This action was commenced August 28, 1877, by the plaintiffs, who are creditors of Soper & Johnson, and the stock of goods was attached as the property of Johnson. S. C. Hawn intervened in the action, and claimed he purchased the goods of Johnson on the 23d day of August, 1877. Soper joined with the creditors as plaintiff in the action. The plaintiffs replied to Hawn's petition of intervention, claiming that the alleged sale was made with intent to defraud the creditors of Soper & Johnson, and that Hawn participated therein.

Johnson answered the petition of plaintiffs, admitting the indebtedness to them, and admitting as between himself and Soper he only was liable to pay the partnership debts.

There was a trial by jury upon the issue as to the fraudu-

lent character of the sale by Johnson to Hawn. There was a verdict and judgment in favor of the latter. The plaintiffs appeal.

*J. N. McClanahan, Thorpe & Sons* and *Wright, Gatch & Wright,* for appellants.

*Stuart Bros. & Bartholomew* and *Mitchell & Pennick,* for appellees.

SEEVERS, J.—I.   We are asked by appellants to reverse this judgment because the verdict is not supported by the evidence. Much of the argument of counsel is devoted to a discussion of this question. A careful examination of the record satisfies us that under the rule so often announced we cannot disturb the judgment on this ground. A discussion of the evidence would serve no useful purpose, and would unnecessarily encumber the reports.

II.   The purchase of the goods by Hawn from Johnson was made on the 23d day of August. On the night of the 24th Johnson left Chariton for Malvern, in Mills county, where he arrived on the next morning. The plaintiffs offered in evidence the depositions of witnesses who testified that at Malvern, and afterward at Glenwood, Johnson represented he was then the owner of a stock of goods at Chariton which he was desirous of removing to some new location. Said witnesses also testified to other admissions and declarations of Johnson which tended to impeach the good faith of the sale to Hawn. Upon objection being made the evidence was rejected. It is now insisted the testimony should have been admitted against Hawn, and as tending to prove that he participated in the fraudulent sale. It will be observed the proposed evidence did not constitute a part of the *res gestæ*, but the declarations of Johnson sought to be introduced in evidence were made after the completion of the alleged sale to Hawn. The declarations of the seller of personal property made after the sale and after he has parted with the posses-

1. EVIDENCE: fraudulent sale.

session are not admissible as evidence against the purchaser. *Sprague & Cary v. Kneeland,* 12 Wend., 161; *Bates v. Ableman,* 13 Wis., 721; *Baget v. Phelps,* 14 Wis., 103; *Ford v. Williams,* 13 N. Y., 582; *Kieth v. Kern,* 17 Ind., 284.

Such testimony is not competent to prove a conspiracy or fraudulent combination between Johnson and Hawn. The declarations of a co-conspirator, to be admissible against one engaged in the unlawful enterprise, must have been made while the parties were engaged in the unlawful undertaking. If made after the commission of the act they are but narratives of past occurrences, and affect no one but the party making them. 1 Greenleaf on Evidence, § 111. In *Ross v. Hayne,* 3 G. Greene, 211, the declarations were made while the party was in possession of the property, and were, therefore, made in disparagement of his own title. Such declarations, it is said, are admissible as original evidence. 1 Greenleaf on Evidence, § 109. Johnson was only nominally a party to the record, and he tendered no issue as to the question of fraud. His declarations were not, therefore, admissible because he was a party to the action. 1 Greenleaf on Evidence, § 172.

In *Hurley v. Osler,* 44 Iowa, 642, the only point decided was that the declarations of a grantor of real property, made while both the title and possession were in him, were admissible against one who it was claimed was his fraudulent grantee. Such ruling comes within the rule above stated as to disparagement of one's title. What is said in that case as to the admissibility of such declarations has reference to the grantor only, and whether they were admissible for the purpose of proving a fraudulent intent on his part was not in the case, nor is it presented in the case at bar. It must, therefore, be regarded as undetermined.

III. It is lastly urged the instructions are too general and not sufficiently specific. That they are mostly abstract propositions of law, briefly stated, is true; but that they are erroneous we are unable to say. In view of the fact that they correctly though briefly state the law governing the question of fraud,

we are not prepared to say that there was prejudice; nor do we believe, in view of what was given, the court erred in refusing to give the first instruction asked by plaintiff.

AFFIRMED.