## BIXBY v. CARSKADDON ET AL.

1. **Venue:** AGREEMENT TO CHANGE OF: FURTHER CHANGE AFTER NEW PARTIES BROUGHT IN. After a cause, begun in one court, has been transferred to another, in which the parties have agreed it shall be tried, the plaintiff is not bound to submit to a trial in that court after new parties defendant have come into the case, as such new parties may have such relation to the court, or such influence in the community, as to jeopardize plaintiff's rights in that court.

2. ——: MOTION FOR CHANGE OF: COMPLIANCE WITH LANGUAGE OF STATUTE. Where in an affidavit for a change of the place of trial it was alleged that the "defendants *and* their attorneys" had such undue influence over the inhabitants of the county, etc., *held* that this language meant that both the defendants and their attorney had such influence, and not that the defendants and their attorneys together had, and that the affidavit in this respect sufficiently complied with the requirements of .par. 3, § 2590, of the Code.

3. ——: CHANGE OF BY AGREEMENT: RIGHT TO FURTHER CHANGE FOR CAUSE. Section 2591 of the Code, which provides that, after one change of venue, no party is entitled to another for any cause in existence when the first change was obtained, does not apply to a case where the first change was made by the agreement of parties.

4. **Practice:** EVIDENCE: READING PART ONLY OF DEPOSITION: ERROR WITHOUT PREJUDICE. Where plaintiff took the deposition of a witness, but did not introduce it on the trial, but the defendant, against plaintiff's objection, was allowed to introduce and read the cross-examination only, if there was error in this ruling, (which is not decided,) it was without prejudice to plaintiff, since he afterwards asked and obtained leave to introduce the examination in chief.

5. **Evidence by Deposition:** ADOPTION BY WITNESS OF ANSWERS MADE IN PRIOR EXAMINATION: COMPETENCY OF. Where a witness, whose deposition was taken upon written interrogatories, was asked whether his answers to questions asked him upon a former examination as garnishee, which answers were placed in his hands, were correct, to which he replied that they were, with some few corrections, which were made, and the answers were then made a part of the deposition, *held* that the evidence thus introduced and adopted was not vulnerable to the objection that it was incompetent.

6. ——: ——: OBJECTION TOO LATE. In the case last named, an objection to the testimony, on the ground that it was not proper cross-examination, should have been made by proper exception at the time the deposition was taken, or by motion to suppress, filed within the time pre-

scribed by section 3751, of the Code. Such objection made upon the introduction of the deposition came too late, and was properly overruled.

7. **Fraudulent Transfer of Goods:** EVIDENCE. Ordinarily, the acts of strangers to an alleged fraudulent transfer of goods should not prejudicially affect the parties; neither should the statements, made subsequent to the alleged fraudulent sale by one of the alleged parties to the fraud, but not a party to the suit, be considered by the jury in determining whether the transaction was fraudulent or not.

*Appeal from Linn Circuit Court.*

WEDNESDAY, APRIL 9.

CARSKADDON, as sheriff, attached a stock of goods, wares and merchandise, under certain writs of attachment against J. R. Billings. The plaintiff, claiming to be the owner of the goods, brought this action to recover of Carskaddon the value of the goods levied on by him. By consent, the judgment creditors were substituted as defendants, and they filed an answer, in which it was stated that Billings was the real owner of the goods, and that a pretended sale thereof by him to the plaintiff was fraudulent, because it had been made to hinder and delay creditors. Trial by jury, verdict and judgment for the defendants, and plaintiff appeals.

*Stoneman, Rickel & Eastman,* for appellant.

*Hubbard, Clark & Dawley,* for appellees.

SEEVERS, J.—I. It is contended by counsel for the appellant that the court erred in overruling a motion for a change

1. VENUE: agreement to change of: further change after new parties brought in.

of the place of trial, on the alleged ground that the defendants and their attorneys have such an undue influence over the inhabitants of the county that plaintiff cannot obtain a fair trial therein. This action was originally brought in 1879, in the superior court of Cedar Rapids; and, before the attaching creditors were substituted as defendants, it was stipulated by the then parties as follows: "It is agreed by the parties that the

venue in this case be changed to the Linn county circuit court, and that the same stand for trial at the January term, 1880. It is further agreed that the attaching creditors be made parties defendant with the sheriff, and that the present answer of the substituted defendants be an answer for all the defendants. It is further agreed that the cause shall not be transferred by either to the federal court, but shall be tried in the Linn circuit court." This stipulation was filed on the second day December, 1879. Afterward, on the second day of February, 1880, another stipulation was signed, in which the names of the creditors are stated, and the defendants were to have sixty days to answer, and, as we understand, the substitution was then made, or the attaching creditors were then made parties.

The affidavits and motion for a change of the place of trial were filed at the January term, 1882, and the defendants filed written objections thereto, as follows: "*First*, The plaintiff has stipulated to try the action in this court. *Second*, The affidavits are insufficient in this, that they do not state that either defendants or their attorneys have undue influence, but that both together have such influence."

As to the objection first above stated: The stipulation was that the action should be tried in the Linn circuit court; and it will be conceded that, as between the then parties, the stipulation should have full force and effect. But clearly, we think, the persons who were afterwards substituted as defendants are not bound by the stipulation as to the place of trial. It is true, they have not repudiated it, but that they could have done so there is no doubt. If the stipulation is not binding on them, it should not be so held as to the plaintiff. As between the parties to the action when the stipulation was made, it may be that the action should be tried in Linn county. At least, they were willing it should be so tried; but it does not follow that either of the parties would be willing or bound to try it in such county, when other per-

sons have been made parties, who might influence public sentiment against them.

As to the second objection: The statute provides that if the "adverse party, *or* his attorney, has such undue influence over the inhabitants of the county that (the party applying for the change) cannot obtain a fair trial," then there may be a change of the place of trial. The affidavit for the change states that "the defendants *and* their attorneys" have such undue influence.

2. ———: motion for change of: compliance with language of statute.

Counsel for the appellees contend that, under the statute, the party or his attorney must have such influence, and that the affidavit states that both combined have, and, therefore, it is insufficient. We do not think this is the proper construction of the affidavit. It states that both the defendants and their attorneys have such undue influence over the inhabitants of the county that the plaintiff cannot obtain a fair trial.

The affidavit is broader than the statute, for it evidently means that the defendants have such undue influence, and so have their attorneys. That is to say, that each have, and not that both combined have. The affidavit cannot fairly be construed as stating that, by combining the influence of both, the requisite undue influence can be said to exist.

The further objection is made, that the affidavit fails to state that the ground upon which the change was asked was not in existence when the place of trial was changed by stipulation from the superior court of Cedar Rapids. This objection was not made in writing in the court below, but it is said that written objections were not required, and that the objection now under consideration may have been made orally in the circuit court. Possibly this is so. The statute provides that, "after one change, no party is entitled to another for any cause in existence when the first change was obtained." Code, § 2591. We do not understand that either party had previously applied for and obtained a change in the place of trial, but that

3. ———: change by agreement: right to further change for cause.

the parties mutually agreed to do so. This they may do, whether any statutory cause exists or not, and we do not think the statute quoted applies to such a case.

II. The plaintiff took the deposition of one Shedd, and the defendants cross-examined the witness. The plaintiff did not introduce the deposition, and the defendants asked leave to introduce the cross-examination. To this the plaintiff objected, unless the defendants introduced the whole deposition, including the "direct examination upon which the cross-examination was based." The objection was overruled, and the cross-examination was introduced by the defendants. After they had rested, the plaintiff asked and obtained leave to introduce the examination in chief. It seems to us, if it be conceded that the court erred, that it was error without prejudice. The whole deposition was introduced, which was just what the plaintiff asked should be done. By the introduction of the cross-examination, the defendants made the witness their own, and liable to observation as such before the jury. We must not be understood as holding that it is either proper or improper for a party to introduce a portion only of a deposition in evidence under the circumstances just stated. We do not regard such question as being before us. That the party by whom a deposition is taken cannot select certain portions of it, and introduce such portions only, was held in *Kilbourne v. Jennings,* 40 Iowa, 473.

III. It is further objected that the matter "purporting to be a cross-examination" of the witness Shedd was not "proper matter for cross-examination; that the same consisted solely of the answers of said Shedd formerly taken as a garnishee, and was, therefore, not competent as original evidence on the part of the defendants." This objection was also overruled. As we understand, Shedd was garnished by one or all of the attaching creditors, as the supposed debtor of Billings, and his answers taken as such garnishee. The credit-

4. PRACTICE: evidence: reading part only of deposition: error without prejudice.

5. EVIDENCE by deposition: adoption by witness and incorporation of answers made on prior examination: competency of.

Bixby v. Carskaddon et al.

ors were not content with his answers to the statutory questions, but Shedd was subjected to a lengthy examination. The plaintiff gave notice to take Shedd's deposition on a commission and written interogatories. The defendants filed cross-interrogatories, and in substance asked Shedd if he had been examined as garnishee, and whether his answers to the questions then asked, which were placed in his hands, were correct. Some few corrections were made, and in other respects he stated that his answers to questions propounded to him were correct, and the same were made a part of the deposition. This is the cross-examination objected to, and which was introduced in evidence. The mere fact that Shedd adopted the answers made in the garnishee proceeding would not render the evidence incompetent. The evidence may have been irregularly obtained, but this is quite a different thing from incompetency. No exception was taken to, nor 6. ——: ——: was a motion made to suppress, the cross-examina-
objection too
late. tion, because it was improper, or not authorized by the examination in chief. The objection now under consideration was not made until the defendants offered to introduce the evidence. The objection, therefore, that it was not proper as a cross-examination, comes too late; for it is provided by statute that no exception to depositions, other than for incompetency or irrelevancy, shall be regarded, unless made by motion filed by the morning of the second day of the first term after the depositions have been filed with the clerk." Code, § 3751.

It is usual and proper, when a deposition is taken, to call the attention of the witness to documents and writings, and inquire as to their correctness, or otherwise identify them, and attach the same as exhibits to the deposition. This, in substance, is what was done, and the answers of the witness as garnishee became his deposition or evidence as a witness in this case. It cannot be said that the plaintiff did not have notice of the taking of the deposition, and it is immaterial, under the circumstances, that the answers of Shedd as gar-

nishee were taken in the absence of the plaintiff, because, as we have said, the witness adopted such answers, and made the same a part of his deposition in this case.

IV.   It is further objected that the cross-examination of Shedd, or at least certain portions thereof, are irrelevant and incompetent.   We have read the whole deposition, and reach the conclusion, satisfactory to our minds, that the cross-examination is both relevant and competent.   We deem it unnecessary to state our reasons at length.

V.   Several paragraphs of the charge are objected to.   The third is said to be erroneous.   We are not sure that we fully understand the legal proposition intended to be stated.   The paragraph under consideration, to our minds, is not as clear as it should be, but we are not prepared to say that it is erroneous.

In the fourth paragraph, as we understand it, the jury were directed to consider the acts and declarations of persons other than Billings and the plaintiff, for the purpose of determining the fraudulent intent.   What the court meant by "other persons" we do not know, and deem it sufficient to say that, ordinarily, the acts of persons, other than those engaged in the alleged fraudulent transaction, could not and should not prejudicially affect the plaintiff.   The court further directed the jury to consider the acts and language of Billings subsequent to the sale, of which the plaintiff had knowledge, for the purpose of determining whether the sale was fraudulent or not.   We think this instruction is erroneous. *Keystone Manufacturing Co. v. Johnson*, 50 Iowa, 142.   Suppose Billings had said in the presence of the plaintiff, after the sale, that it was fraudulent, this would not have any effect on the rights of the plaintiff, except that he might be called upon to deny what Billings said, or, if he did not do so, an inference could be drawn against him because of his silence.

7. FRAUDU-
LENT trans-
fer of goods:
evidence.

Several other paragraphs of the charge are objected to, and in relation thereto we only deem it neccessary to say that, with a little more care on the part of the court in drafting the in

structions on the retrial, the criticisms of counsel can be obviated, and the legal propositions intended to be announced stated with the requisite clearness and precision.

Thirty-two instructions were asked by plaintiff, all of which were refused. We deem it sufficient to say that, in our opinion, the sixth, seventh, eighth and twenty-second, or others of similar import, should have been given. We do not mean to be understood as saying that the exact language of these instructions should be adopted, but, substantially, they are deemed correct.

REVERSED.