WILLIAM S McCORNICK, RESPONDENT, v. HENRY SADLER, APPELLANT.

(See former opinion, 10 Utah, 210, 37 P. R. 334.)

.ASSIGNMENT OF CLAIM.—SUBSEQUENT PAYMENT BY DEBTOR.—JUSTIFICATION.—BURDEN OF PROOF.—Where in an action by the assignee of the claim of a building contractor of the balance of the contract price of a building, defendant owner acknowledges that a certain sum was unpaid at the time of the notice to him of the assignment but sets out as an affirmative defense in his answer that such sums have been paid to persons who furnished materials for the building and who had mechanics' liens therefor, the court instructed the jury that the burden of proof was on the defendant to show the allegations of his .affirmative defense in order to show that he was warranted ·in paying out such amounts. *Held, not error,* as plaintiff sued

as an assignee of an account stated. (Former opinion, 10 Utah, 210, overruled on this point and the dissenting opinion of Miner, J., followed.)

(No. 466. Decided June 3, 1895. 40 P. R. 711.)

On rehearing.—Modified. See former opinion, 10 Utah, 210, 37 P. R. 334.

*Mr. Charles Baldwin* and *Messrs. Sutherland & Howatt,* for appellant.

*Mr. C. S. Varian,* for respondent.

KING, J.

This case was decided during the June term, 1894, the Chief Justice and Mr. Justice Smith concurring in the judgment of reversal. Mr. Justice Miner dissented. Thereafter a rehearing was granted, and the points involved in the opinion of this court (*McCornick* v. *Sadler,* 37 Pac. 334) were very exhaustively argued by counsel for the respective parties. The reversal of the judgment of the lower court was predicated upon two grounds: (1) That the testimony of the witness Taft in relation to the lumber furnished by Mason & Co., and used in the construction of defendant's residence, was hearsay and incompetent; (2) that the charge of the court upon the question of the burden of proof was conflicting, and calculated to confuse the jury. Upon the rehearing, the discussion was confined to these questions. Respondent's counsel earnestly insisted that the view taken by this court in respect to each proposition was erroneous.

To better understand the decision, a brief reference to the pleadings is necessary. Plaintiff alleged in his complaint that Taft and Kropfganz performed work and furnished materials in building defendant's house, for which the latter became indebted to them, and that on January

·12, 1891, a balance of $2,325 was found due from defendant, which amount he promised to pay; that Taft and Kropfganz sold and assigned (on said day) the whole of said sum so found due, to plaintiff; and that defendant had due notice thereof. Defendant answered, denying the indebtedness, assignment, and notice. " By way of affirmative defense," defendant further answered, and alleged ·" that on January 10, 1891, he and Taft and Kropfganz had a settlement for the labor performed and materials furnished by the latter, at which it was agreed that the amount due from defendant was $2,325, and that he should pay to the material men and subcontractors the amount due each respectively, and the balance, if any, to Taft and Kropfganz, they to release their mechanics lien and ·dismiss the suit for its foreclosure; that, by said agreement, a sufficient sum was assigned to defendant to discharge all claims of the material men and employés, and that said sums were then appropriated by Taft and Kropfganz to the use and benefit and for the payment of certain persons, naming them, among whom was Mason & ·Co.; that, by virtue of said agreement and settlement, ·defendant paid on January 17, 1891, Mason & Co., who had furnished lumber for said house, and who had given notice that payment was expected from defendant; that the amounts so paid exhausted the sum found due at the settlement; and that the payments made were to persons who were entitled to liens."

The trial court instructed the jury, in substance, that the burden of proof was on the plaintiff to establish that the amounts paid to the various persons, after notice, were not valid liens against the building. Later the jury were told that the burden of establishing this issue rested ·on the defendant. This court held that the first instruction given correctly stated the law. There can be no ·doubt of the incongruity of those instructions. They are

clearly repugnant to each other. The jury are told that the burden of proving the only real issue in the case is with the plaintiff. Then, without any explanation, they are charged that the burden rests upon the defendant. I think, however, this was error of which plaintiff alone could complain. It seems clear to me that, when plaintiff proved the assignment and notice, a case was made, under the pleadings. Defendant admitted the account and indebtedness, but, to defeat plaintiff's right to recover, pleaded payment to various persons. Plaintiff was not the assignee of a contract between Taft and Kropfganz and Sadler; no contract is pleaded by him. Plaintiff is the assignee of an account stated. Defendant confesses the settlement; admits that upon such settlement he was owing a balance of an account,—the sum claimed by plaintiff. He justifies his refusal to pay plaintiff by alleging payment to persons entitled to liens. He must defend from their bulwarks. If such persons had no claims against Taft and Kropfganz, which would enable them to secure mechanics' liens upon defendant's house, his efforts to avoid payment would be futile. In order to defeat plaintiff, it was incumbent upon defendant to establish a lien claim against this assigned fund, which was representative of the building. This was defendant's "affirmative defense," and the burden of sustaining it could not, under the pleadings, be shifted. If suit had been brought by the assignees against Sadler to recover a balance due, and the material men had intervened, before the court would have subjected this fund to their demands, they would have been required to establish, by a preponderance of the evidence, the rightfulness of their claims. "The burden upon the plaintiff is coextensive only with the legal proposition upon which his case rests. It applies to every fact which is essential or necessarily involved in that proposition. It does not apply to facts relied upon in defense to establish an independent

proposition, however inconsistent it may be with that upon which plaintiff's case depends. It is for the defendant to furnish the proof of such facts, and, when he has done so, the burden is upon the plaintiff not to disprove those particular facts, nor the proposition which they tend to establish, but to maintain the proposition upon which his own case rests, notwithstanding such controlling testimony, and upon the whole evidence in the cause." *Wilder* v. *Cowles*, 100 Mass. 490.

The rule announced by Mr. Wharton is especially pertinent to this case. He says: "The defendant, on the other hand, seeks to relieve himself from the plaintiff's case, either by direct traverse or through a plea of avoidance, in which he sets up conflicting claims to bar the plaintiff's demands. If he take this second attitude, he is in the same attitude as the plaintiff, and he must assume the burden of the proof in making good his defense. Whenever, whether in plea or replication or rejoinder or surrejoinder, an issue of fact is reached, then, whether the party claiming the judgment of the court asserts the affirmative or negative proposition, he must make good his assertions. On him lies the burden of the proof." Whart. Ev. § 354. Where one seeks to release himself from another's claim, he must produce the proof necessary to make good his contention. This proof may be either affirmative or negative. "It makes no difference, therefore, whether the actor is plaintiff or defendant, so far as concerns the burden of proof. If he undertake to make out a case, whether affirmative or negative, this case must be made out by him, or judgment must go against him." Id. § 357. Our Code permits the answer to contain "a statement of any new matter constituting a defense or counterclaim." 2 Comp. Laws, § 3226. And "the statement of any new matter   *   *   *   in avoidance or constituting a defense   *   *   *   must be deemed controverted by the

opposite party." Id. § 3248. A defense which pleads matter in avoidance seems to be regarded in the same light as an original demand or complaint, so far as the burden of proof is concerned. The statute gives the plaintiff a denial of the affirmative or avoiding defense. It would seem the purpose of the statute is to place the defendant pleading in avoidance in the position of the plaintiff respecting the questions contained in the plea; and, the affirmative of such issue thus raised having been asserted by the defendant, the obligation would rest upon him to prove it.

Appellant's argument proceeds upon the assumption that the same rule prevails in this case as would obtain if Sadler were defending against an action brought by Taft and Kropfganz upon a contract containing provisions for the delivery of the building free from all liens or possible incumbrances. No doubt, if suit were brought on such a contract, as a condition precedent to recovery, plaintiff would be required to prove a negative, *i. e.*, the non-existence and impossibility of liens. But there is a broad distinction between a case founded on a contract of the character suggested and the case at bar. Appellant's counsel insist that, when the means of proving facts are peculiarly within the knowledge of one of the parties to the controversy, the onus then rests upon him to make the proof. Applying this rule to the facts of this case, what is the result? Sadler, to maintain his defense, must rely upon the validity of the claim of Mason & Co. He assumes the company's position. It is a fact peculiarly within the knowledge of Mason & Co. how much lumber was furnished Taft and Kropfganz. The knowledge of the company upon this matter is presumed to be defendant's knowledge. As above stated, the principal question of fact in the case was concerning the payment made to

Mason & Co. by defendant, after notice of the assignment. This feature of the case is fully discussed in the opinion of this court before mentioned, and does not demand extended consideration.

Respondent's counsel insists that the witness Taft did not testify as stated by the court. A careful examination of the record demonstrates that the succinct statement in this court's opinion is substantially correct. I am satisfied that the testimony of this witness was hearsay, and the refusal of the trial court to strike it out was error. The purpose of Taft's testimony was to contradict the statements of defendant's witnesses as to the value of the materials (lumber) used in the house, and supplied by Mason & Co. He was plaintiff's only witness upon the question. It is insisted that the testimony is inadmissible because (1) it is within the principle of declarations against interests, and (2) it is a part of *res gestœ*. Whether the witness' testimony relative to the bills which he claimed accompanied the materials furnished by Mason & Co., and were received principally by the foreman of Taft and Kropfganz, is competent as a part of the *res gestœ*, it is not necessary to determine; but I am of opinion that if bills were sent by Mason & Co. with the lumber delivered and were marked so as to indicate the amount so furnished they would be admissible as declarations against interest, because, as I view it, defendant, to defeat plaintiff's claim must prove that the amount paid was justly due, and might be the basis of a subcontractor's lien upon defendant's building. But, conceding the correctness of counsel's position, does it alter the situation? These bills—declarations against interest—were not offered in evidence by plaintiff. Some were lost, as stated by Taft; how many it does not appear. The contents—that is, the total value of the materials furnished—of these written instruments

(bills) were admitted, and the instruments themselves not offered; and this is true with respect to those which were lost.  No foundation was laid for the introduction of secondary evidence.  I think the bills were admissible, but not the testimony of Taft as to their contents.  If Mason & Co. had made a verbal admission concerning the amount of lumber furnished, it would have been competent proof, if Taft had heard it, to offer.  But this illustration suggested by counsel presents a different question from that raised by the proposition to admit parol evidence of the contents of the bills.  I am of opinion that this court erred in holding that the burden was on the plaintiff " to show that the claim of Mason & Co. was not a claim that might be a lien on defendant's house," and think that part of the decision should be overruled.  With that portion of the decision holding that the testimony of Taft was hearsay and incompetent, and reversing the cause, with instructions to grant a new trial, I agree.

My brethren concurring, the order will be that the portion of the former decision of this court respecting the burden of proof, as stated, be overruled, and the remaining portion stand as the decision and judgment of this court.

MERRITT, C. J., and SMITH, J., concur in the judgment.