W. S. McCORNICK, Appellee, v. HENRY SADLER, Appellant.

ASSIGNMENT OF CLAIM—ACTION BY ASSIGNEE—EVIDENCE.

1. T. & K. were contractors, who built a house for S., upon which a certain sum of money was due on a certain day, and the same assigned for a valuable consideration to McC., subject to a deduction of any amount that might be a valid lien to subcontractors or material men. In a suit by McC. against S. for the amount assigned, *held*, that evidence of a prior assignment by T. & K. of portions of the fund to the subcontractors was properly excluded where it appears that T. & K. retained control of the fund and power of revocation until duly assigned to McC.

2. *Held*, also, that declarations by T. & K. in disparagement of title, made before assignment to McC., are admissible against him, and that it was error to exclude such declarations.

3. *Held*, that it was not error to exclude testimony of the architect as to the market value of material furnished for the house, the relation between the market value and the contract price not having been shown.

4. Testimony of a witness was rightly excluded where it was based solely upon a monthly statement not made by the witness, and of which he had no information, and neither the statement nor the books from which it was taken being offered in evidence.

5. After the books of M. & Co., one of the subcontractors or material men, were in evidence, it was competent to show that these books did not contain an account of all the material furnished by them to the contractors for S.'s house, as also a bill for glass, in the handwriting of the witness, sent to T. & K., the witness testifying that the glass went into the house in question, said bill should have been admitted in evidence with the other testimony for

what it was worth, and it was prejudicial error to exclude it.

6  After showing that all of certain material in the house was furnished by M. & Co., it was error not to admit testimony of the architect as to the quantity of such material in the house. *Held*, also, that the testimony that the material was not paid for as delivered should have been received in evidence.

(No. 775. Decided Jan. 28, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. John A. Street, *Judge*.

Action by W. S. McCornick against Henry Sadler. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Bennett, Harkness, Howat & Bradley* and *Charles Baldwin*, for appellant.

*Brown, Henderson & King* and *C. S. Varian*, for respondent.

HART, District Judge:

This case has twice before been considered on appeal by this court. 10 Utah 210, 11 Utah 444. The facts are that a co-partnership firm of contractors, Taft & Kropfganz, under a contract with the defendant, Sadler, built a house for him, upon which was due, on or about January 14, 1891, the sum of $2,320.80, which on said day was assigned by a written order, executed by Kropfganz, to the plaintiff, McCornick, in consideration of an indebtedness of about the same amount due from said contractors on a bank account. The defendant was duly notified by plaintiff of the assignment. It was understood by plaintiff at the time of taking the assignment that there were some claims for material which were

liens upon the house, to be paid out of the fund due. This was also talked of by plaintiff and defendant at the time notice was given defendant of the assignment. This action is brought to recover the fund assigned, and the defense is that the full amount of $2,320.80, was due certain parties for work and material furnished the contractors for the Sadler house, and the same actually paid by defendant after the assignment to plaintiff, as follows: Mason & Co. $1,844, Irwin & Buse $100, Spencer, Bywater & Co. $71, and G. F. Culmer & Bros. $305.80; that the right of lien existed for these several claims, and that the same were paid by defendant in pursuance of an agreement and assignment of the contractors made on January 10, 1891, for the payment by defendant of these several claims. The former decisions of this court determine that the burden of proof rests upon the defendant to establish the validity of the claims as liens in order to entitle him to a credit in this case of amounts paid by him to material men and laborers. In the last trial below it was admitted by the plaintiff that the sum of $71 paid Spencer, Bywater & Co, and the sum of $305.80 paid G. F. Culmer & Bros., were proper credits for the defendant, and the contest was made on the other two claims. It was admitted by plaintiff that the time for filing liens by subcontractors had not expired, and that defendant should have credit for any claims that were or would have been valid liens upon the defendant's house. A verdict was returned for plaintiff in the sum of $1,524.35 principal and $664.11 interest, and the defendant appeals, assigning as error numerous rulings, upon the admissibility of testimony. It will not be necessary to notice all the questions raised. All useful purposes will be subserved by selecting representative questions which will stand for classes.

14 UTAH—30

Many of the questions asked by the defense of the defendant, and many of the interrogatories of the deposition of the witness Kropfganz, objected to by plaintiff, and sustained by the court, go to the question of whether there was a prior assignment by the contractors to Mason & Co., and Irwin & Buse, of the respective amounts due them. As it is apparent from the answers in the deposition of Kropfganz, and from the whole record, that there was not a valid assignment, prior to the assignment to the plaintiff, and that the contractors or assignors retained control of the fund and power of revocation, until the assignment was made to plaintiff, it is evident that the court did not err in excluding such testimony. A more serious question is whether declarations in disparagement of title made by Taft or Kropfganz, before the assignment to plaintiff, are admissible against the plaintiff in this action. The former decisions of this court determine the true relation of the defendant in this litigation to be that of the lien claimants; that he stands in their shoes, and "must defend from their bulwarks." It is also said that the plaintiff stood as the representative of the "assigned fund, which was representative of the building." 11 Utah, 447. But the "assigned fund" came to plaintiff from Taft & Kropfganz, and the question whether the declarations of the assignors should be admitted against the assignee was not before passed upon.

The plaintiff succeeded only to the rights of Taft & Kropfganz. Plaintiff's counsel admit the general rule that declarations in disparagement of the title of the declarant are admissible as original evidence, but claim that this rule applies to the title to the particular chattel or chose in action assigned. We do not see how this distinction can be claimed for this case. If it be true

that the assignors, during the continuance of their title to the fund, admitted that only a part of the fund really belonged to them, or that no part belonged to them, but to the subcontractors, who could file a lien, and thus require payment to them, it is difficult to understand why such a declaration does not go to the question of their title to the fund, and why the same should not be admitted under the general rule. This view would admit interrogatories and answers from 8 to 17, inclusive, of the Kropfganz deposition, excluded by the trial court, in reference to a book entry by Kropfganz, on or about January 12, 1891, as follows: "Lumber bill due Mason & Co. on Sadler job, $1,718.22, time of settlement." If not admissible because of being a general entry,—a conclusion,—it would be competent as a declaration against title. If the declarant owed Mason & Co. what he admits by the above entry, the sum that he would be entitled to and could legally demand from the house owner would be diminished by that amount due Mason & Co., and which they had a lien claim for. If this action were by Taft & Kropfganz against Sadler, would it be contended that such declarations by them would not be admissible against them? The defendant should not be placed in a less advantageous position in his defense by reason of the assignment to plaintiff. The plaintiff should occupy no more profitable position than would his assignors in a suit by them. Defendant, then, should have been permitted to show, if he could, as he offered to, "that at a meeting between Taft & Kropfganz and Henry Sadler on the night or on the afternoon of the 10th of January, Taft & Kropfganz, who were the assignors of the claim of plaintiff, admitted that the amount due from them to Mason & Co. on account of material furnished for Mr. Sadler's house was $1,718.22, and that

the amount due Irwin & Buse for material furnished for that house was something over $100."

Before offering in evidence the books of Mason & Co., containing the account with Taft & Kropfganz, and before attempting to show that this account did not contain a full list and account of all the material furnished by Mason & Co. for the Sadler house, and before showing that the contract price of the material was the same as the market value, defendant attempted to show by the architect, Kern, the market value of the lumber, lath, sash and weights, doors, nails, and glass that were used in the house. This testimony was rightly excluded by the court at that stage of the trial.

Objection is made by the defense to the court not permitting the witness Mason, of the firm of Mason & Co., to testify from bills made by his clerk at the end of each month from the books of the firm, of the material furnished Taft & Kropfganz for the Sadler house. The witness did not write the bills, did not claim the bills were anything more than copies of the books, had no independent recollection of the items of the bills, and neither the bills nor the books were at this time offered in evidence. The only thing offered was the testimony of the witness, based solely upon the bills, and not even upon his own memory refreshed from an examination of the bills. Besides, no such exceptions were taken to rulings upon this testimony as can be relied on upon appeal. The account books of Mason & Co. with Taft & Kropfganz were subsequently produced, and admitted in evidence, after which defendant attempted to show that the books did not contain an account of all the material furnished by Mason & Co. In particular, a certain bill of glass, made out in the handwriting of the witness Mason, dated January 6, 1891, and sent to Taft & Kropfganz, for beveled

plates, for the Sadler house, in the sum of $156.70, was offered in evidence, as showing material furnished and not paid for, and not charged for on any books that could be found. The witness testified that he made out the bill, and that the glass mentioned in it went into the Sadler house; supposed he made the bill from the books, but did not see it in the books in court; but some of the counter books were burned. This bill was excluded by the trial court. We think this testimony was clearly admissible, and that it was prejudicial error not to admit it. After the defense had shown that the lumber, lath, sash, weights, doors, nails, and glass for the erection of the Sadler house were furnished by Mason & Co., and after showing the items and prices thereof, so far as the same appeared by the books of Mason & Co. (now in the hands of their assignee, for the benefit of their creditors), it was competent to show by the architect the quantity of such material in the Sadler house, and it was error not to admit such evidence. Similar proof was attempted as to labor and material furnished by Irwin & Buse, but, as the exclusion of this testimony is not assigned as error, the same will not be further considered.

The defendant should have been permitted to show that no material furnished Taft & Kropfganz for the Sadler house was paid for as delivered, the theory of the plaintiff and the court being that, if material was furnished, and not charged on the books, the presumption was that the same was paid for. The books of Mason & Co. show that one single running account was kept by them with Taft & Kropfganz for material furnished for the building of several houses besides and including the Sadler house, and that marginal notations of the name of the owner of the house or the street number was the only

entry to indicate which house the material went into. In some instances these marginal notes are omitted, thus leaving nothing except parol evidence to determine which house the material was for. In view of the way in which the books were kept, as well as upon established general principles, the defendant should have been permitted to show, if he could, material furnished in addition to that shown upon the books. He was not precluded from showing that the books did not contain all the charges, and was not bound by the general statement of the one witness, Mason, made in answer to cross questions on behalf of the plaintiff, to the effect that an account was kept of whatever was furnished, in regular book form, and appears upon the books. This testimony was given before the books were produced in court, or examined by the witness, and it is doubtful if he would have so testified after examining the books. The defendant complains that certain book-account entries should not' have been admitted against his objection, showing that Mason & Co. were paid $1,000 on account of the Sadler house. There is a dispute between counsel as to whose book accounts these were, and the record fails to definitely disclose the fact, but they were probably Mason & Co's books, and, if so, were properly received in evidence. Defendant also claims that he should have been permitted to show that the $700 payment was made by Taft & Kropfganz to Mason & Co., not on account of material for the Sadler house, but on the general account, in which event the payment would have to be applied by the creditor to the earliest items of the account. While, in general, this might be shown by the defendant, yet, in view of the testimony of the witness Taft for the plaintiff, that the payment of this item was made to Mason & Co. by an order on Sadler, and

presumably paid by him, and consequently rightly to have been credited to Sadler by Mason & Co., the question asked by defendant's counsel, and objected to and sustained, did not properly go to the question, as it then stood, of how the payment was made. If the payment was actually made to Mason & Co., by Sadler, the same would have to be credited to Sadler, and this would not be changed by the omission of Taft & Kropfganz to direct Mason & Co. to apply the same to any particular account, or to the account of the defendant Sadler.

There are a great many other questions of minor importance raised by this appeal, which are not necessary to discuss in this opinion, as they are not likely to arise again upon a retrial of this case. It is evident from the matters herein considered, and from an examination of the entire record, that such competent and material evidence was excluded as necessitates a rehearing. The judgment and order of the trial court is therefore reversed, and set aside, and the case is remanded for a new trial.

ZANE, C. J., and MINER, J., concur.