## MORGAN v. STATE, EX REL. KIRTLEY.

[No. 12,049. Filed February 19, 1925. Rehearing denied April 23, 1925.]

1. NEW TRIAL.—*Overruling motion to dismiss action and to set aside judgment are not proper grounds for new trial.*—Overruling defendant's motion to dismiss the action and overruling his motion to set aside the judgment are not proper grounds for a new trial, but are proper assignments of error on appeal. p. 46.

2. BASTARDY.—*Defendant's motion in bastardy proceeding to set aside judgment against him because he had been previously tried on a charge of rape upon relatrix properly overruled.*—A motion by the defendant to set aside the judgment against him in a bastardy proceeding for the reason that he had previously been charged with rape on the relatrix, a female child under the age of sixteen years, and had been tried thereon and acquitted, was properly overruled, as the criminal case was distinct and separate from the bastardy proceeding, the latter being a special civil action and governed by the civil practice while the other is governed by the criminal practice. p. 46.

3. JUDGES.—*Party agreeing to the appointment of special judge precluded from change of judge without showing his ignorance of the bias and prejudice at time of agreement.*—A party to an action who has agreed to the appointment of a designated attorney as special judge in the case cannot thereafter ask for a change of judge without showing that he did not know of any bias or prejudice of the judge at the time of the agreement. p. 46.

From Gibson Circuit Court; *John Q. A. Goodman,* Special Judge.

Action by the State on relation of Erma Kirtley against Gentle Grant Morgan. From a judgment for the relatrix, the defendant appeals. *Affirmed.* By the first division.

*McGary & Kays* and *Hovey C. Kirk,* for appellant.
*Oscar Lanphar* and *George L. Bridenhager,* for appellee.

THOMPSON, J.—This action was begun by the State on the relation of one Erma Kirtley, wherein she alleged that she was pregnant with a bastard child, and that Gentle Grant Morgan, appellant herein, was the father of said child. There was a trial in which the relatrix was adjudged pregnant and the appellant herein was found to be the father of her bastard child.

On March 16, 1924, the defendant, the appellant herein, filed a motion to dismiss the action for the reasons therein stated, which motion was overruled by the court. On April 2, 1924, the following further proceedings in said cause took place, to wit: "Comes now the prosecuting attorney on behalf of the State and comes the defendant by counsel McGary and Kays and Hovey C. Kirk, and Robert C. Baltzell, regular judge of said court informs the prosecuting attorney and counsel for defendant that he is disqualified from sitting as judge on the trial of said cause, and now comes also the defendant by his counsel McGary and Kays and Hovey C. Kirk, and said parties agree in open court that John Q. A. Goodman, a member of the bar and qualified to serve as judge of the Gibson Circuit Court is now agreed upon as special judge to try said cause. It is therefore considered and ordered by the court that John Q. A. Goodman be and he is hereby appointed as special judge to try said cause."

The following further order was entered on the orderbook in said cause on April 2, 1924: "The regular judge being disqualified declines to try said cause and now by agreement of the parties, John Q. A. Goodman, an attorney of this bar, in good standing and eligible to the office of the judge of the circuit court, Gibson

county, Indiana, to try said cause, this the 2nd day of April, 1924." The record thereupon shows that John Q. A. Goodman was sworn to try and determine said cause, which oath was entered upon the records of said proceedings in said cause.

The case was set for trial on April 3, 1924, and, on that day, the following proceedings were shown as part of the records in said case: "This cause coming on for trial before John Q. A. Goodman, special judge in said cause and comes the State of Indiana, on relation of Erma Kirtley, and comes also the defendant in person and by counsel, McGary and Kays and Hovey C. Kirk, and before the beginning of the trial of said cause the defendant files his affidavit herein for a change of venue from said special judge John Q. A. Goodman." That said defendant then filed an affidavit asking for a change from John Q. A. Goodman, special judge, on the grounds of bias and prejudice of said judge as stated in the affidavit. The motion for a change of judge was overruled, to which the defendant excepted. The case was then tried before said John Q. A. Goodman, special judge, without the intervention of a jury, and the result of said trial was a finding for the plaintiff, that she was pregnant with a bastard child, and that the defendant, appellant herein, Gentle Grant Morgan, was the father of said child, and judgment was rendered, accordingly, that he pay to the State of Indiana the sum of $550 for the support of said child.

The defendant then filed a motion to vacate the judgment in said case for the reason that prior thereto the defendant had been charged with the crime of rape upon the relatrix, a female child under the age of sixteen years, to wit, fourteen years of age, and that he was tried in the Gibson Circuit Court before a jury, and defendant was found not guilty. He alleged in his motion that the same acts of criminal conduct were

charged in the indictment against him for rape which were charged against him in the complaint for bastardy. The court overruled the motion.

The defendant then filed a motion for a new trial, for the following reasons: *First*, the court erred in overruling the defendant's motion to dismiss 1, 2. said cause of action. *Second*, the court erred in overruling the defendant's verified motion for a change from the judge in this case. *Third*, the court erred in overruling the defendant's motion to vacate and set aside the judgment in this case. The court overruled the motion for a new trial, and the above alleged errors are the errors complained of. The first and second causes present no grounds for a new trial, but are proper independent assignments of error. The court was right in overruling the motion to dismiss the case, and the court was clearly right in overruling the motion to vacate and set aside the judgment, for the reason that the criminal case was distinct and separate from the bastardy case; the bastardy case being a special civil action and governed by the civil practice; the other case being governed by the criminal practice and the rules of evidence governing such cases.

The counsel for defendant contends very earnestly that the court erred in refusing to grant a change of judge. However, after a careful examination 3. of the case, of the authorities cited and many others referred to, we have come to the conclusion that the court did not err in refusing to grant the change. The record shows that this case was before the regular judge of said court, and that, for the reasons stated, the regular judge was disqualified to sit in said case and so notified the parties and the attorneys, all of whom were present in court on April 2, 1924, and a special judge was then agreed upon by the parties. Section 450 Burns 1926, §427 Burns 1914, Acts 1907 p. 108,

provides: "In any case where the presiding judge is disqualified from any cause to try such cause, if the parties in such action shall agree, in open court, upon some judge or member of the bar of any court in this state to try such cause, it shall be the duty of the court to appoint such judge or attorney, so agreed upon, to try such cause." On the following day, April 3, 1924, when the case was called for trial, the affidavit for change of judge was filed, which affidavit was in the usual form. There are numerous authorities in this state to the effect that if there is any objection to be made to a special judge who is called to try a case, the objection must be made at once, and if not, all objections are waived. This objection was not filed until the day after the defendant had agreed with the relatrix and the attorneys for the State that the special judge should sit in said case and try it, and there was no showing in the affidavit that appellant herein did not know of any bias or prejudice of the judge at the time of his selection to try the case.

In *Bixby* v. *Carskaddon* (1884), 63 Iowa 164, 18 N. W. 875, the court says: "The stipulation was that the action should be tried in the Linn circuit court; and it will be conceded that, as between the then parties, the stipulation should have full force and effect. But clearly, we think, the persons who were afterwards substituted as defendants are not bound by the stipulation as to the place of the trial."

In *Pottlitzer* v. *Citizens Trust Co.* (1915), 60 Ind. App. 45, the court says: "The record then sets out the oath of such special judge and shows that he assumed jurisdiction of the cause. It thus affirmatively appears from the record that such special judge obtained jurisdiction of said cause in the manner provided by §427 Burns 1914, Acts 1907 p. 108. It is a general rule that objection to the appointment of a special

judge must be made at the time of the appointment or when he assumes jurisdiction, otherwise 'all objections to the regularity of the appointment shall be deemed waived.' " (See authorities cited in above cases.)

Finding no error in the record, the judgment is affirmed.