JOHN E. LAKE, Appellant, v. WALTER MOOTS, Appellee.

No. 41514.

OCTOBER 25, 1932.

John E. Lake, for appellant.

Devitt, Eichhorn & Devitt and C. A. Williams, Jr., for appellee.

BLISS, J.—The plaintiff, as the assignee of C .A. Dillard, on January 28, 1931, filed his petition at law, claiming damages of the defendant in the sum of $20,000.00, caused by the latter's assault upon Dillard.

On July 3, 1930, Dillard, while seated in an automobile on a street in Oskaloosa, was asked by the defendant to pay a debt owing to the latter. Dillard told the defendant to get into the automobile and he would go uptown and get the money. Dillard started the car without giving defendant much time to get aboard. After defendant got in and the car had proceeded a short distance, an altercation was started. Neither of the participants, nor the only other eyewitness, differs much in the account of the fight.

Defendant testifies that Dillard pulled out a knife and said he was "going to fix" defendant, and then defendant grabbed the knife and took it from Dillard, and that he slapped the latter in the face, causing his nose to bleed. Defendant then left the car, taking with him the knife.

Dillard was not a witness. His version of the affair was disclosed in an affidavit, Exhibit 1, to wit:

"State of Iowa, Mahaska County, ss.

"Affidavit of Charles Dillard.

"I, Charles A. Dillard, being duly sworn, depose and say that on or about the 3rd day of July, 1930, I had a controversy with one Walter Moots in the City of Oskaloosa; that Moots got into my car and he made some demands on me for money, and after Moots had made some threats against me I drew a pocket knife from my pocket and tried to scare him out of the car by threatening him with the pocket knife, and that he then struck me with his fist and grabbed my arm to prevent my using the knife; that while I did not intend to strike him with the knife I did want to scare him out of the car; that Moots got out of the car but took nothing from me except the knife with which I had threatened him.

"That this statement is made voluntarily by me, and the same is true as I verily believe.

"Charles A. Dillard."

This affidavit was subscribed and sworn to by Dillard on November 4, 1930.

Another witness on behalf of plaintiff testified that he saw defendant hitting Dillard several times in the face and heard him threaten to kill Dillard. He saw no knife.

Defendant denied making any threat to kill.

John E. Lake, in his behalf as plaintiff, testified that he saw Dillard on the day following the altercation and that the latter had a black eye and his nose was badly swollen.

The foregoing is substantially all of the evidence.

The items of damages going to make up the $20,000.00 claim were $150.00 for medical attention; $7,500.00 for mental suffering; $7,350.00 for physical suffering; $5,000.00 for exemplary damages.

There was no direct testimony to establish any item of damage. The amount of damages suffered was left solely to be inferred from the fact of the injury.

At the close of the testimony, the defendant moved for a directed verdict, which was granted. The gist of the motion was that plaintiff had failed to make a case.

Appellant assigns as error: (1) The admission of the Dillard affidavit, Exhibit 1; (2) the direction of the verdict.

■ While the appellant has not set out any proposition of law or authorities in support thereof on the error first assigned, we have nevertheless considered the point, and find there was no error in the admission of the exhibit.

Plaintiff brought his action as the assignee of Dillard's claim for damages. This written assignment, executed and acknowledged by Dillard, was as follows:

"Whereas I am indebted to John E. Lake for a considerable sum of money and have recently obtained additional money from him, now therefore in consideration of the premises and of the sum of One Dollar at this time in hand paid which has been paid to me I do hereby sell, transfer, set over and assign unto John E. Lake all my right, title and interest in and to the proceeds from claim which I have against Walter Moots *except the sum of Fifty Dollars which I retain*, because of injuries sustained by me because of

Walter Moots having assaulted and beaten me and I do hereby authorize him to make full and complete settlement of the case and to give a release and satisfaction thereof as fully as I could have done and any release of the said claim by John E. Lake shall be as binding upon me as though I had executed the same myself." (The italics are ours.)

The plaintiff stood, as it were, in the shoes of Dillard. He had no higher or greater rights than Dillard. His right of recovery was based solely on Dillard's right of recovery. Any evidence which would have been admissible to defeat Dillard's recovery, were he the plaintiff, instead of Lake, was admissible to defeat Lake.

The plaintiff's right of action was not a new one, but was the same right of action which Dillard had until he assigned it to the plaintiff. Where there is such a succession of rights, there is privity between the parties. This being so, the plaintiff was bound by the acts and words of Dillard.

The plaintiff claimed not only under, but in the interest of, Dillard, as will be noted by the italicized portion of the written assignment.

It is a well settled principle of law that the assignee of a claim or a chose in action is bound by such admissions, made by the assignor, as would have bound the assignor himself. Evidence of such admissions or declarations in relation to a claim is admissible against the assignee in an action between the latter and the party against whom the claim exists. This is true, regardless of the nature of the claim or the instrument assigned, unless it be a negotiable instrument in the hands of a holder for value. The admissibility of such evidence is bottomed upon the general rule of evidence that declarations against the interests of the party making them are receivable against him, and upon the further ground that a purchaser is in privity with his seller and takes the property encumbered with the latter's declarations, and that an assignee must recover through the title of the assignor and succeeds to that title only as it stood at the time of the transfer. Such admissions or declarations, to be admissible, must have been made at a time when the declarant had or owned an interest in the claim or property, which ordinarily means that they must have been made before the assignment. In this case, the assignment was made on September 8, 1930, and the affidavit on November 4, 1930. But it will be observed by the very

terms of the assignment that Dillard reserved and retained an interest to the amount of $50.00 in the claim sued upon. The plaintiff was thus suing in behalf of himself and of Dillard, and he was bound by any statements in the affidavit. Plaintiff and Dillard were jointly interested in any recovery against the defendant, and while Dillard was not a party of record, he was a party in interest, and because of the identity of interest with the plaintiff, Dillard's admissions were receivable against the latter.

The rule is thus expressed in Section 424, pages 360 and 361, of 22 Corpus Juris:

"As a general rule the generally accepted view is that declarations of the assignor of a chose in action, which amount to admissions so far as he is concerned, are competent against the assignee and persons claiming under him."

In I Elliott on Evidence, Section 243, the rule is stated as follows:

"It is the general rule that the admissions of a party to the record, *or of one identified in interest with him,* are admissible against such party. This rule applies in general, where such party to the record has any interest in the suit or action, whether large or small, and however it .may appear * * *." (Writer's italics.)

The rule is well expressed by Justice Richardson in Snelgrove v. Martin, 2 McCord, * 241 (S. C.), in the following language:

"I take the general rule of the common law to be, that wherever the act or declaration of a party then' interested, would be evidence against himself, such will be evidence against his subsequent assignee, or party claiming under him."

Others of the numerous authorities laying down the same rule are I Greenleaf on Evidence, 15th Edition, Section 190; Stephen's Digest on the Law of Evidence, Article 16; McCornick v. Sadler, 47 Pac. 667 (Utah); Westbury v. Simmons, 35 S. E. 764 (S. C.); Anderson v. Lee, 76 N. W. 24 (Minn.); Scott v. Coleman, 5 Littell (Ky.) 349, 15 American Decisions 71; Jones on the Law of Evidence, 3rd Edition, Sections 237, 238 and 248; Kelley v. Schupp, 18 N. W. 725 (Wis.); Hayward Rubber Company v. Duncklee, 30 Vt. 29, 39; 1 R. C. L., Paragraph 20, pages 484 and 485. See also Goldstein v. Morgan, 122 Iowa 27.

An analogous holding has been made by this court with respect to the admissions of the vendors of real and personal property made prior to the sale in disparagement of declarant's title. See Stephens v. Williams, 46 Iowa 540, 543; Nodle v. Hawthorn, 107 Iowa 380; Taylor v. Lusk, 9 Iowa 444; Ross v. Hayne, 3 G. Greene (Iowa) 211; Keystone Manufacturing Company v. Johnson, 50 Iowa 142; Finch v. Garrett, 102 Iowa 381.

With respect to the second assignment of error, the question is closer. It is purely a question of fact, and under the whole record, it is our judgment that the direction of the verdict for the defendant was right. The participants in the affray differ little in their version of what took place. There was no justification for the attempted use of the knife by Dillard. He states that he drew the knife with the thought of simply scaring the defendant. What he did was thus not in self-defense and was not justified by the conduct of the defendant. Dillard was thus the aggressor, and an aggressor who the defendant might reasonably believe was a dangerous one. The defendant disarmed him, and save for the few blows or slaps to Dillard's face, did nothing more than disarm him. If Dillard received the slight injuries complained of in being disarmed, there can be no liability on the part of the defendant, unless the defendant was excessive in his defense. We do not believe that the jury could have rightly found that what the defendant did was more than self-defense. This being our judgment in the matter, we do not determine whether the question of the amount of damages should have been submitted to the jury. However, there was no direct evidence of any damages. The physical injuries were slight, and the aggressor in an encounter of this kind has little warrant to ask recovery for mental suffering, when that suffering is merely the humiliation of one who couldn't successfully finish a fight which he had started.

The judgment is, therefore,—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, and KINDIG, JJ., concur.