Taylor v. Lusk.

Turner received, and which Edwards claimed belonged to the firm, but which Turner insisted were his private matter, and did not belong to the firm. The respondent, in his answer, refers to two paper-writings, averred by him to be in the hand-writing of petitioner, one of which was an agreement for the dissolution of the partnership, and the other an agreement to refer to the decision of arbitrators, certain matters of difference between them. Neither of these papers was signed by either of the parties. They are made exhibits A and B to the bill. The petitioner moved that these exhibits and those parts of the answer which refer to them, be stricken from the answer as being irrelevant, improper and redundant, they being mere offers to settle, to compromise or to refer, and to buy the plaintiffs peace, which were not acceeded to, and are not admissable in evidence. This motion was sustained by the court and the papers and the answer, so far as it refers to them, were stricken out. From this ruling the respondent appeals as from an intermediate order.

*J. H. Craig*, for the appellant.

*George C. Dixon and Saml. F. Miller*, for the appellee.

---

TAYLOR v. LUSK.

1. RECORD: JUDGEMENT MAY BE SET ASIDE. During the term the record is under the control of the court. A judgment of nonsuit, or by·de-

fault may be set aside, at the term at which it was rendered, for good cause shown.

2. EVIDENCE: DECLARATIONS. The declarations of a party in possession of property, explanatory of such possession, are admissible in evidence against a party claiming under him.

*Appeal from Henry District Court.*

WEDNESDAY, OCTOBER, 26.

REPLEVIN. For the material facts see the opinion.

*L. G. Palmer,* for the appellant.

*Clark, Doolittle & Cook,* for the appellee, cited *Mims* v. *Sturdevant,* 23 Ala. 664; *Beal* v. *Ludlow,* 14 Ala. 523; *Hadden* v. *Powell,* 17 Ala. 314; *Holt* v. *Walker,* 26 Maine 107; *Maxwell* v. *Harrison,* 8 Georgia 61.

WRIGHT, C. J.—On the 8th day of the December Term, 1857, the plaintiff failing to appear, the cause was called, tried, and judgment rendered against him for the value of the property replevined, with interest. Afterwards, on the 4th of January, 1858, but at the same term, plaintiff appeared and filed his affidavit and motion to set aside this judgment. The motion was sustained. Defendants now insist that this application was not made in time.

The question presents no difficulty. It was entirely competent to entertain and determine the motion at any time during the term. During all the term the record is under the control of the court, and before the adjournment thereof an order of nonsuit or judgment by default may be set aside, proper excuse for the failure to prosecute, or for the default being shown. Code, sections 1808, 1579, chapter 106; *King* v. *Kinney,* 8 Iowa, 521.

Defendants claim the property in controversy, through West and another. Plaintiff proposed to prove certain declarations made by said West in relation to said property. The testimony was objected to, the objection overruled, and this is the only remaining question now in the case.

The cases cited by appellee, are authority for the doctrine, that the declarations of a person while in possession of personal property, explanatory of such possession, as that he held it as the agent, or for another, or in his own right, are admissible in evidence, against a party claiming under him. And to the same effect is *Ross* v. *Hayne*, 3 G. Greene 211. The cases all agree in holding, however, that the declaration must be made at the time of the possession, must be simply explanatory of it, and not in regard to the contract under which the possession is held. This is expressly held in *Mims* v. *Sturdevant*, 23 Ala. 664, and the cases there cited.; *Thompson* v. *Mawhinney*, 17 Ib. 362.

A portion of the declarations proved were made by West before he obtained possession of the property, and were inadmissible. Others, again, related to the contract under which he claimed to hold for plaintiff, and under the cases cited, should have been rejected.

Judgment reversed.