JAMISON v. MILLER.

1. **Estoppel in Pais;** WHAT NECESSARY TO CONSTITUTE: INSTRUCTIONS.
It is essential to an estoppel *in pais* that the party pleading it, or those
under whom he claims, should have so acted with reference to the sub-
ject of the representations as that he would suffer injury or damage if
the one who made them were permitted to deny their truth; (*Lucas v.
Hart*, 5 Iowa, 415;) and the instructions in this case (see opinion) were
erroneous because this element was omitted from them.

*Appeal from Monroe Circuit Court.*

FRIDAY, SEPTEMBER 19.

ACTION for the recovery of five car loads of coal. There
was a verdict and judgment for defendant. Plaintiff appeals.

*James E. Townsend*, for appellant.

*Daniel Anderson*, for appellee.

REED, J.—Defendant, who is sheriff of Monroe county, seized
the property in controversy on a writ of attachment issued
in a suit against one Charles A. Bloomfield. The property
had been shipped at Avery, consigned to parties at Greenfield,
Adair county, and was in transit when defendant seized it.
Bloomfield was named as consignor in the bills of lading.
He and plaintiff were engaged in the business of mining and
shipping coal at Avery, but plaintiff claims that he was the sole
proprietor of the business and the owner of the property, and
that Bloomfield was in his employ, and that the property was
shipped in Bloomfield's name as a matter of convenience, he
being in charge of the shipping branch of the business. The
answer of the defendant denies that plaintiff is the owner of the
property, and alleges that it belongs to Bloomfield. It also
alleges that plaintiff is estopped by his own declarations from
asserting title to the property; that when he was inquired
of by defendant as to the ownership of the property he
asserted that it belonged to Bloomfield, and that he had no

interest in it, and that defendant was lead by this declaration to believe that it did belong to Bloomfield, and acted in this belief in seizing and retaining the property.

The evidence given on the trial showed that defendant levied on the property on Saturday, December 18, 1882, and that on the same day, but after the levy was made, he and the attorney of the party at whose suit the attachment was issued went to Avery, and saw and had an interview with plaintiff, in which he (plaintiff) stated that he had no interest in the property, and that it belonged to Bloomfield. At the time he made these statements, plaintiff knew' that the property had been attached. The evidence also tended to prove that on the morning following the levy, and before any other steps had been taken by defendant with reference to the property, plaintiff and his attorney saw defendant, and informed him that he was the owner of the property, and demanded its immediate release.

On the question of estoppel, the circuit court instructed the jury as follows:

1. "If you find from the evidence that plaintiff, when he was informed of the levy, disclaimed having any interest in the property, and that defendant relied on such statements, and was induced thereby to retain possession under the levy, plaintiff is thereby estopped from claiming the property.

2. "If you find from the evidence that defendant was induced to make the levy by the fact of plaintiff's permitting his property to be shipped in the name of Bloomfield, and without knowledge of plaintiff's ownership thereof, and that after making the levy he was induced to still hold the property by plaintiff's representation that it belonged to Bloomfield, plaintiff would be estopped to assert that he is the owner of it, and your verdict should be for defendant."

Plaintiff assigns the giving of these instructions as error, and we think they are erroneous.

It is essential to an estoppel *in pais* that the party pleading it, (or those under whom he claims,) should have so acted

with reference to the subject of the representations as that he would suffer injury or damage if the one who made them were permitted to deny their truth. 2 Parsons on Contracts, 793; *Lucas v. Hart*, 5 Iowa, 415.

This element is omitted from the instructions complained of. The jury are told, in effect, that if defendant was induced by the representation to retain the property, plaintiff was estopped to deny its truth, even though no injury or damage would result to defendant from such denial. Because of this omission each of the instructions is erroneous, and the judgment of the circuit court must be

REVERSED.