## BROOKS v. WESTOVER.

1. **Practice on Appeal:** TRIAL DE NOVO: INSUFFICIENT ABSTRACT. A trial *de novo* cannot be had in this court upon an abstract which does not purport to be an abstract of all the evidence.

2. **Error without Prejudice:** NO GROUND FOR REVERSAL. Where it is clear that an appellant could not possibly have recovered, the over-ruling of interlocutory motions made by him, though technically erroneous, will not justify a reversal.

3. **Malicious Prosecution:** COUNTER-CLAIM FOR DAMAGES. No action can be maintained for a malicious prosecution until the action complained of is ended. Hence the damages for such prosecution cannot be set up as a counter-claim to the alleged malicious action.

*Appeal from Chickasaw Circuit Court.*

WEDNESDAY, DECEMBER 10.

ACTION in equity to enforce the specific performance of an alleged contract, on the part of defendant, to convey to the plaintiff certain land at $16 per acre. The defendant denied the contract as alleged, but admitted an oral contract to sell the land to plaintiff at $20 per acre. The defendant also filed a counter-claim for damages alleged to have been sustained by reason of the malicious institution and prosecution of the action. The plaintiff dismissed his petition, and the case was submitted on the counter-claim, and judgment was rendered against the defendant for costs. He appeals.

*M. E. Billings,* for appellant.

No appearance for appellees.

ADAMS, J.—The defendant presents the case as triable *de novo*, and also upon assigned errors. We have to say that the case cannot be tried *de novo*, for the reason that the abstract does not purport to be an abstract of all the evidence. The defendant, we presume, relies in this respect upon a certificate of the judge, which purports to have been attached to

the evidence. But that would only show that the evidence was made of record. It can show nothing in respect to the abstract. The plaintiff, after dismissing his petition, filed an unverified reply to the defendant's verified counter-claim. The defendant moved to strike the reply from the files, on the ground that it was filed too late, and was not verified.. He also moved for default. The court overruled the motions, and the defendant assigns the ruling as error. In one view, perhaps, as a rule of pleading, the motion should have been sustained; but we do not think that we should be justified in reversing for that reason. We are unable to see how the defendant could ultimately recover. The damages claimed cannot properly be set up in a counter-claim. No action can be maintained for a malicious prosecution until the action complained of is ended.

AFFIRMED.