| 75  421|
|107  383|

## VAN HORN v. OVERMAN, INTERVENOR.

1. **Pleading:** REPETITION : STRIKING OUT.   A party is not prejudiced
   by striking out a portion of his answer, when the same defense is
   set up in another part of his answer which is allowed to stand.

2. **Practice:** STRIKING OUT PLEA : RESTORATION AFTER EVIDENCE
   CLOSED : FURTHER EVIDENCE : PREJUDICE WAIVED.   The court sus-
   tained a motion to strike out a division of plaintiff's answer
   designed to plead an estoppel.   After the evidence had been offered
   and the argument to the jury begun, the court concluded that an
   estoppel had been well pleaded, and offered plaintiff the privilege
   of introducing evidence on that issue.   Plaintiff then introduced
   one witness, but did not ask for delay to procure other evidence,
   and made no objection to proceeding at once to the submission of
   the case to the jury.   *Held* that it was the privilege and duty of
   the court to correct its ruling, if found to be erroneous, but that it
   was plaintiff's duty to ask for such further action as would save
   him  from prejudice after such correction ; and that, having
   consented to the submission of the cause, he could not, on
   appeal, be heard to complain that he was prejudiced by the court's
   action.

3. **Evidence:** ABILITY TO WRITE : HEARSAY.   Intervenor introduced
   papers purporting to be signed by H.   Plaintiff, in order to show
   that H. could.not write his name, offered evidence to prove that
   he employed others to write for him, and that he did not keep his
   account-book in writing.   *Held* that this was properly excluded as
   proving nothing as to his ability to write his name ; and that his
   statements to others that he could not write were properly excluded
   as hearsay,—he not being a party to the suit.

4. **Estoppel:** OWNERSHIP OF PROPERTY IN ANOTHER'S POSSESSION.
   Where plaintiff bought property of H., which H. had in his posses-
   sion and claimed to own, but which he had previously sold to
   intervenor, *held* that intervenor was not estopped to set up his
   claim to the property unless he had knowledge of the acts of H.,
   nor unless plaintiff relied upon the conduct of intervenor, as show-
   ing title in H., when he made his purchase.

5. **Instructions:** SPECIAL INTERROGATORIES. It was not error to refuse to submit special interrogatories when no answers which could have been made to them would have shown that the general verdict was wrong.

6. —— : REPETITION. There was no error in refusing instructions asked, when so much of them as was correct and material to the case was given by the court in its charge.

7. **Replevin:** INTERVENTION : AGREEMENT TO RELEASE DEFENDANT : CONSTRUCTION. In an action for property levied upon by a constable, a third person claiming the property intervened, and it was agreed that the constable should be discharged from the case, that no judgment for damages or costs should be rendered against him, and that the property should be regarded as in the hands of the court, subject to a final determination between plaintiff and intervenor. It did not appear that the intervenor was a party to the agreement. *Held* that it did not have the effect to release plaintiff from liability to the intervenor on account of the use and detention by him of the property, which was in his hands for a long time, and at the time the agreement was made.

*Appeal from Montgomery District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, OCTOBER 8, 1888.

ACTION to recover specific personal property. It was commenced by plaintiff in August, 1882, against S. H. Redmon, constable. In October, 1882, B. Overman intervened, claiming to be the owner of the property, and the proceedings thereafter had were between plaintiff and intervenor. The cause was first tried in April, 1884, and verdict and judgment were rendered in favor of intervenor. That judgment was reversed, on appeal to this court. 67 Iowa, 689. A second trial in the court below resulted in a verdict and judgment in favor of the intervenor, and plaintiff again appeals.

*W. H. Redmon, W. S. Strawn* and *F. M. Davis,* for appellant.

*J. M. Junkin* and *S. McPherson,* for appellee.

ROBINSON, J.—The property in controversy consisted, in 1882, of two colts, which were at one time owned by Wesley Hall. Plaintiff claims that he purchased the colts of Wesley Hall, in August, 1882. On

the part of intervenor it is claimed that Wesley Hall sold the colts to C. H. Hall, on the eighth day of October, 1881, and that C. H. Hall sold them to intervenor after the alleged purchase by plaintiff. The material questions for the jury to determine were whether the purchase alleged to have been made by C. H. Hall was actual, and in good faith, and whether his conduct after the alleged purchase was such as to estop him and his vendee from asserting title against the plaintiff.

I. After the cause was remanded for a second trial, the plaintiff filed an answer to the amended petition of intervenor. On motion of intervenor portions of the first and third divisions of this answer were stricken out.

1. PLEADING: repetition: striking out.

Appellant insists that a plea that the purchase by C. H. Hall was a fictitious pretense was stricken from the first division. The record does not sustain this claim. No allegation of that nature appears in the first division, but it does appear in a part of the third division, which was not disturbed. Even had it been stricken out, as claimed, no prejudice would have resulted, for the reason that the second division of the answer put the facts involved in C. H. Hall's purchase in issue.

II. Portions of the third division of the plaintiff's answer, which were stricken out, were designed to plead an estoppel. After the evidence was closed, and the argument of counsel to the jury had been commenced, the court concluded that an estoppel had been sufficiently pleaded, and offered to the plaintiff the privilege of introducing any further evidence he might have in support of the estoppel alleged. Plaintiff thereupon introduced one witness, but did not ask for delay to procure other evidence, and made no objection to proceeding at once to a submission of the case to the jury then impaneled. Appellant now insists that the action of the court in striking out the plea of estoppel was reversible error, and that it was not cured by the subsequent action of the court. He claims that he was necessarily hampered in the introduction of his testimony

2. PRACTICE: striking out plea: restoration after evidence closed: further evidence: prejudice waived.

to his prejudice, and that the jury were improperly influenced by the method which he was compelled by the court to follow, and that the cause should not have been submitted to that jury. A change of ruling ought to be avoided, if practicable ; but where an erroneous ruling is made, the trial court ought to correct it, and take such further action as is practicable to prevent prejudice from the correction. But it was the duty of appellant to ask for further time, if needed, and to object to a submission to the jury then impaneled, if there was any valid objection to it. *Hopper v. Moore,* 42 Iowa, 566. He did not, however, ask for further time ; nor did he object to the jury. The evidence which had already been submitted was in large part of a nature tending to establish the plea of estoppel. Therefore there was no reason, so far as is disclosed by the record, why the cause should not have been submitted at once.

III. Intervenor offered in evidence two papers, purporting to be signed by "Wes. Hall," and alleged to have been given to C. H. Hall on the eighth day of October, 1881, in connection with his purchase of the colts. One was a receipt for money, and the other was an acknowledgment of the sale of the colts. It was claimed on the part of intervenor that Wesley Hall signed these papers, while plaintiff claimed that Hall could not write his name. Appellant now insists that the court erred in refusing to receive evidence offered by him in regard to Wesley's ability to write. We do not think error in this respect is shown. Some of the rejected evidence was designed to show that Wesley had employed others . to write for him ; that he did not keep his account-book in writing ; and that he had said he could not write his name. He was not a party to the suit, and his statements to others as to his ability to write would not be the best evidence of the fact. His method of keeping his accounts, and his having others to do some of his writing, would not prove anything as to his ability to write his name. The court permitted witnesses to

3. EVIDENCE : ability to write : hearsay.

Van Horn v. Overman.

testify that he could not sign his name, and that he did not sign it in certain cases. No competent evidence tending to show his ability to write his name was excluded, while some evidence of a hearsay character was admitted on the part of plaintiff.

IV. Appellant complains of certain paragraphs of the charge to the jury in regard to the defense of estoppel.

4. ESTOPPEL: ownership of property in another's possession.

Some of the evidence tended to show that Wesley Hall had possession of the colts, at times, after C. H. Hall had purchased them. The court charged the jury in regard to this possession that, before they could find an estoppel proven, they must find, not only that Wesley Hall had possession of the colts and claimed to still own them, but that C. H. Hall knew Wesley had them in his possession, and knew he was claiming them as his own, and with this knowledge permitted Wesley to still retain the possession, and claim them as his own. The first of the two paragraphs objected to gives the law substantially as claimed by appellant. The second explains that C. H. Hall would not be bound by acts of which he had no knowledge. We think this was the law as applicable to the facts in this case. The answer of appellant charges that C. H. Hall treated Wesley as the owner of the colts, and told several persons that he was such owner. If C. H. Hall was estopped by any facts pleaded, it was because the acts were performed with knowledge of the facts, and not inadvertently. Another answer to appellant's complaint is that he does not show that he relied upon any acts or statements of C. H. Hall in purchasing of Wesley, and therefore, if the charge was erroneous, no prejudice could have resulted from it.

V. The action of the court below in refusing to submit to the jury seven special interrogatories asked by plaintiff is alleged to be erroneous. We dis-

5. INSTRUCTIONS: special interrogatories.

cover no error in this action. The facts sought to be elicited by the interrogatories were not of such a nature as to have controlled the general verdict. No answers which could have been made to them would show that the general verdict was wrong.

VI.   Five instructions were asked by plaintiff, and refused.   So much of them as was correct and material to the case was given by the court in its charge.   There was therefore no error in refusing those asked.

6. ——: repetition.

VII.   The plaintiff offered in evidence an alleged agreement in the following language:   "It is agreed that there shall be no judgment for damages or costs taken against the defendant S. H. Redmon; that the property in controversy is to be regarded as being in the hands of the court, subject to a final determination as between the parties plaintiff and intervenor; and that the defendant be discharged from the case."   It is not shown that this writing was signed by any one, nor that it was made in this case.   But, conceding that it was made in open court, and in this case, it is not shown that intervenor was a party to it.   Appellant insists that it had the effect to release plaintiff from liability on account of the property in controversy.   It is conceded that he has been in possession of it since 1882.   We do not think the record sustains appellant's claim.   The purpose of the agreement seems to have been to release the constable from further liability, and to permit plaintiff and intervenor to continue the contest in their own names.   It cannot be presumed that the parties designed that plaintiff should have the use and profit of the property for a series of years without any liability to account for the property, or damages for its detention.   The property certainly was not in court as to plaintiff and intervenor.

7. REPLEVIN: intervention: agreement to release defendant: construction.

VIII.   Appellant contends that the verdict is contrary to the evidence and the law; that it is excessive, and the result of passion and prejudice.   There was much conflict in the evidence, but there was certainly enough to support the verdict in all respects, and it cannot be disturbed for want of evidence.   Other questions are discussed by counsel, but we discover nothing in

them of sufficient importance to require extended mention. We find no error in the case prejudicial to appellant. AFFIRMED.