CAWKER CITY STATE BANK, Appellee, v. WM. JENNINGS, AND ANNA JENNINGS, Intervenor, Appellants.

1. **Attachment**; AMENDMENT TO PETITION: EFFECT. Where in an action by attachment upon a promissory note the defendant answered, under oath, denying the signature to the note, or that he authorized the same, and thereupon the plaintiff amended his petition by adding a second count, asking to recover upon an open account in the same amount, and alleging that said count was upon the same cause of action as set out in the original petition, and upon this count the jury found that the plaintiff was entitle to recover, *held*, that the attachment was not wrongfully sued out because of the plaintiff's failure to recover upon the count in his original petition.

2. ——: ——: ——. Both of said counts of the petition being upon the same cause of action, *held*, that a counterclaim for malicious prosecution, which had not matured at the time of the filing of the original petition, was not available as against said second count.

3. ——: GROUNDS: NONRESIDENCE: EVIDENCE. A farmer temporarily residing in this state for the purpose of feeding cattle, with the expectation of ultimately returning to Kansas, where his wife and children resided, is not a resident of this state.

4. **Special Verdict**: RIGHT TO HAVE INTERROGATORIES SUBMITTED TO JURY. The refusal to submit to the jury an interrogatory bearing upon an important question in a cause, and incident to the main issues, but not calling for the determination of an ultimate fact, is without

prejudice, when such inquiry is covered by the instructions to the jury, and by special findings to other interrogatories.

5. **Attachment**: INTERVENTION. The attachment herein being valid under the amendment to plaintiff's petition, *held*, that a petition of intervention claiming the attached property under a conveyance made after the levy of the attachment under the original petition, but before the filing of the amendment was properly dismissed.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 12, 1893.

JUNE, 15, 1891, the plaintiff commenced this action to recover of the defendant two thousand dollars and interest upon a promissory note for that amount, dated December 4, 1890. The plaintiff also sued out an attachment, alleging as ground therefor that the defendant was a nonresident of the state of Iowa. The defendant answered under oath denying that he signed or authorized the signing of his signature to said note, and asking by way of counterclaim to recover damages for the wrongful suing out of said attachment. Thereupon the plaintiff amended the petition by adding a second count, asking to recover on account for money advanced and loaned to the defendant, with interest, amounting to two thousand dollars, and alleging that said count was for the same cause of action set out in the original petition. The defendant filed his amended and substituted answer, denying the execution of the note, and that he was indebted to the plaintiff on the account. He asked, by way of counterclaim, damages on the attachment bond for the wrongful suing out and levy of the attachment. He also asked, as counterclaim to the cause of action set up in said second count of the petition, damages for an alleged malicious prosecution for selling and concealing mortgaged property. The plaintiff's demurrer was sustained to this last mentioned counterclaim. The defendant

moved that the plaintiff be required to elect upon which count of the petition it would proceed to trial, which motion was overruled. Thereupon the case was tried to a jury upon the issues joined, and a verdict returned in favor of the plaintiff on the second count for one thousand, nine hundred and eighty-six dollars and fifty cents. Special findings were also returned, showing that the jury found for the plaintiff on said second count, and finding that the defendant was not a resident of this state when the attachment was sued out, that it was not wrongfully sued out, and that the defendant was not entitled to damages on his counterclaim for a wrongful suing out of the attachment. While the action was pending, the attached property was sold as perishable, and the proceeds held to await the result of the litigation. After verdict, and before judgment, Anna Jennings intervened, claiming the proceeds of the sale under a bill of sale from the defendant, made September 15, 1891. The plaintiff's motion to dismiss the petition of intervention was sustained, and the defendant's motion for a new trial overruled. Judgment was entered for the plaintiff on the verdict, and that the proceeds of the sale of the attached property be applied thereon, and that any surplus be paid to intervenor. The defendant and the intervenor appeal. AFFIRMED.

E. Duffy and S. H. Cochran, for appellants.

D. M. Thorpe and H. H. Roadifer, for appellee

GIVEN, J.—I. The attachment in this case was issued upon the plaintiff declaring that defendant was

1. ATTACHMENT: amendment to petition: effect.

indebted as charged in the first count of the petition. The sole issue joined on that count was whether the defendant executed the promissory note therein declared upon. If he did, he was indebted in the amount evidenced by

the note; if he did not, the plaintiff was not entitled
to recover on that count.   The plaintiff was not
entitled to an attachment unless there were more than
five dollars due on its demand.   Code, section 2953.
The jury found against the plaintiff on the first count,
or, in other words, failed to find that there was any-
thing due to the plaintiff on its demand as stated in
said first count.   If this was all that appeared in the
record, it would be clear that the attachment was
wrongfully sued out.   We have seen, however, that
after the attachment was sued out and levied, and
after the defendant had denied that he executed the
note, the plaintiff amended, setting up the same cause
of action in a second count in the form of an account
for money advanced and loaned subsequent to October
11, 1890, which was due and unpaid at the time this
action was commenced, and recovered thereon.

Several of the errors assigned by the appellants
rest upon the claim, that the plaintiff's right to an
attachment depended upon its being entitled to recover
upon the first count; that the second count presented
a new and different cause of action, and, therefore,
was subject to be offset by the defendant's counter-
claim for damages for malicious prosecution, to which
the demurrer was sustained.   The omission of sections
2934 and 2936 of the Revision from the Code of 1873
remits parties to the common law rule allowing the
same cause of action to be pleaded in different counts.
*Pearson v. Mill. & St. P. R'y Co.*, 45 Iowa, 498.   The
plaintiff expressly states in the second count that it is
for the same cause of action stated in the first.   The
reason for the amendment is shown by the uncontra-
dicted evidence that the plaintiff prepared the note to
cover what is claimed on the account, sent it to the
defendant by mail for execution, and received it back
by mail, purporting to be duly signed.   The defendant
denied under oath that he had signed or authorized the

signing of his name; and the plaintiff, having no witness to the signing, amended, setting up the account which formed the consideration for the note, alleging that it was due at the commencement of the action, and asking to recover on one or the other count. The cause of action was the indebtedness. If the note was genuine, it evidenced that indebtedness; if not, then the account and the checks or other writings upon which it was based were the evidence. See *Pearson v. Mill. & St. P. Railway Co.*, 45 Iowa, 498. *Young v. Broadbent*, 23 Iowa, 539, is not in point. In that case the amendment not only set up a distinct cause of action from that originally pleaded, and upon which the attachment was issued, but one that was inconsistent therewith, and which did not exist at the time the attachment was sued out. It was held, under the facts of that case, that by the amendment the plaintiff had abandoned his first cause of action, and that the attachment, therefore, was wrongfully sued out. In *Leekins v. Nordyke & Marmon Co.*, 66 Iowa, 472, the plaintiff pleaded in one count a contract as made with the defendant, and as made with the defendant's agent, and ratified by the defendant. It was held that the plaintiff could have been required to elect on which allegation he would rely, or to set them out in different counts, but, as that was not done, both questions were properly submitted to the jury. *Bundy v. McKee*, 29 Iowa, 253, holds that an insufficient statement of a ground for an attachment is not cured by an amendment filed after the attachment issued, stating a sufficient cause as existing at the time of the amendment. "The affidavit should, therefore, have shown that the cause alleged existed at the time the action was commenced or the writ issued." The amendment in this case does show that the cause therein stated, the indebtedness, did exist at the time this action was commenced and the writ issued. The second count of

the plaintiff's petition does not state a distinct and different cause of action from that stated in the first, but the same in a different form. It follows, therefore, that the defendant's motion to require the plaintiff to elect on which count it would proceed was properly overruled, and that a recovery upon the second count sustains the plaintiff's right to the attachment so far as there being a debt due is concerned.

II. It follows from the conclusion just announced that the demurrer to the defendant's counterclaim for damages for malicious prosecution was rightfully sustained. "No action can be maintained for malicious prosecution until the action complained of is ended." *Brooks v. Westover*, 65 Iowa, 369. The prosecution complained of was not ended until September 3, 1891; therefore, the defendant had no cause of action prior to that date. To be available as a counterclaim, this cause of action must have been held by the defendant when this suit was commenced, June 15, 1891. Code, section 2659. The second count not being a new or different cause of action, the defendant was not entitled to maintain this counterclaim as against it.

2. ——: ——: ——.

III. Our conclusion also answers the appellant's objection to the fourth and seventh paragraphs of the charge given, and to the refusal to give the fourth instruction asked. The third instruction asked was fully covered by those given, and, therefore, was properly refused. The court submitted the question, whether the defendant was a nonresident of this state at the time the attachment was sued out, to the jury. The appellant contends that the uncontroverted evidence shows that he was then a resident of this state, and that the jury should have been so instructed. The evidence set out in the appellant's abstract might be construed as showing residence in this state, but the cross-examination of

3. ——: grounds: nonresidence: evidence.

Mr. Jennings, set out in appellee's abstract, which is not denied, shows quite clearly that he was not a resident of this state. He says that his wife and five children then, and continuously before, lived in Kansas, and never lived in Harrison county, Iowa; that corn was short in Kansas, and he came to Iowa temporarily for the purpose of feeding cattle, with the expectation of returning when he got through feeding, and that while here he made his home at Mr. Osborn's. There was no error in submitting the question of residence, nor in the finding that the defendant was not a resident of this state.

IV. The defendant complains of the refusal to submit the following special finding: "Was it understood and agreed that the two thousand dollar note of October 11, 1890, should be credited to the defendant, to be drawn on by him?" This is not the note set out in the first count, but one of several given by the defendant in the course of his dealings with the plaintiff. The question asked to be submitted, though important, is not as to an ultimate fact, but an incident to the main issues. This inquiry was fully covered by instructions, and embraced in the special findings submitted. We see no prejudice to the defendant by the refusal. *Phoenix v. Lamb*, 29 Iowa, 352.

4. SPECIAL verdict: right to have interrogatories submitted to jury.

V. The claim of the intervenor to the proceeds of the sale of the attached property, under the bill of sale to her of September 15, 1891, rests upon the contention that under the findings of the jury there was nothing due under the first count, and, therefore, the attachment was wrongfully sued out, and gave no interest to the plaintiff in the attached property. We have held that the recovery on the second count sustains the attachment, so far as there being a debt due at the time the writ was sued out, and as, under the findings of the jury, the attachment was

5. ATTACHMENT: intervention.

authorized in other respects, it follows that the intervenor's petition was properly dismissed.

This disposes of all questions presented, and leads us to the conclusion that the judgment of the district court must be AFFIRMED.