## H. H. Oberholtzer v. John T. Hazen, Sheriff, Appellant.

**Evidence: COMPETENCY.** Evidence of a witness who testifies from certified copies of reports of a commercial agency, and as to his belief from information derived from such agency, is inadmissible.

**DECLARATIONS EXPLANATORY OF POSSESSION.** Declarations of a person in possession of personalty, explanatory of such possession, are inadmissible where neither of the parties to the suit claim under him.

**Injunction of Judgment: VENUE.** Under Code, section 3396, providing that a suit to enjoin a judgment must be brought in the county and court in which it was obtained, the district court cannot restrain proceedings on the judgment of the supreme court.

**New Trial.** A new trial will not be granted for evidence not likely to change the result.

*Appeal from Pottawattamie District Court.*—HON. W R. GREEN, Judge.

FRIDAY, FEBRUARY 12, 1897.

JUDGMENT was entered against the defendant in the supreme court, May 31, 1894. Defendant had filed his petition for new trial in the district court, and, after judgment was entered here, amended his petition, asking that proceedings thereon be enjoined pending the hearing of the application for new· trial. A writ of injunction was issued, as prayed, by the district court, and a motion to dissolve it overruled. From this ruling, plaintiff appeals.—*Reversed.* On final hearing, the petition for new trial was dismissed, and defendant . appeals, perfecting ˙ his appeal first.— *Affirmed.*

*John J. Hess* and *Flickinger Brothers* for appellant.

*Wright & Baldwin* for appellee.

LADD, J.—I.　The defendant bases his application for new trial on the ground of newly discovered evidence, and in support thereof relies on the testimony of three witnesses.　There is some controversy as to whether the deposition of Stabo was withdrawn. This need not be determined, as, in any event, it was properly suppressed.　This witness testified from certified copies of reports of a commercial agency and what he believed, from information derived at such agency.　It does not appear that he made the reports or copies.　No argument is required to show that such testimony cannot be received.

II.　One Peterson testified, in substance, that H. R. Oberholtzer told him that he was the owner of the stock of goods in controversy, and placed it in C. M. Oberholtzer's name to avoid his creditors.　The issues involved in the original case are fully stated in 92 Iowa, 602 (61 N. W. Rep. 365).　Neither plaintiff nor defendant claimed through or under H. R. Oberholtzer.　It is said in *Taylor v. Lusk*, 9 Iowa, 444, that "declarations of a person while in possession of personal property, explanatory of such possession, as he held it as the agent or for another, or in his own right, are admissible in evidence against a party claiming under him."　The rule has never been extended so as to admit the declarations of a person under whom neither party claims.

III.　Another witness, Day, testified that plaintiff applied to him for a loan of three thousand dollars about a year before the failure of C. M. Oberholtzer and said he wanted to "put it into his cigar business."　The plaintiff denies that he ever had such a

conversation. As a general rule, evidence of admissions must be received with caution. The unintentional change of a single word often gives an entirely different meaning to what may have been said. Substitute "the" for "his" in the language quoted, and the alleged statement would be entirely consistent with plaintiff's claim in the original case. It cannot be said that the consideration of this evidence, contradicted as it is, would be likely to change the result; at least, there is no reasonable ground for so believing.

IV. The plaintiff complains of several rulings of the district court, but only one need be considered. The issuance of the writ of injunction was unauthorized, and the motion to dissolve it should have been sustained. The statute provides that, when proceedings on a judgment are sought to be enjoined, the suit must be brought in the county and court in which the judgment was obtained. Code, section 3396. This rule is imperative, and the district court had no jurisdiction to restrain proceedings on the judgment of the supreme court. *Swift v. Conboy,* 12 Iowa, 445; *Phelan v. Johnson,* 80 Iowa, 727 (46 N. W. Rep. 68). AFFIRMED on defendant's appeal, and REVERSED on plaintiff's appeal.