JACOB NODLE, Appellant, v. W. F. HAWTHORN, Sheriff.

**Evidence:** DECLARATIONS: *Party in possession.* Declarations of a person in possession of personal property, explanatory thereof, whether oral, in writing, or printed, are admissible in evidence, as to ownership.

RULE APPLIED. Execution was levied on the property in a mill owned by plaintiff to satisfy a judgment against A, who was in charge of the mill. Defendant was permitted to show that meal sacks used in the mill were printed with words showing that the contents were manufactured by A, and that A had ordered suits for goods sold at the mill, in his own name. *Held* admissible, in replevin, as to ownership, the evidence showing that plaintiff approved of the printing, and did not disapprove of the suits until after the levy of the execution.

**Estoppel.** One who knowingly permits another to hold himself out to the public as the owner of certain property, as a result of which an execution was levied thereon on a judgment against the latter, is estopped as against the execution creditor to claim the ownership of the property. Whether estoppel may be claimed by reason of making the levy, not argued.

RULE APPLIED. Where execution was levied on property in a mill owned by plaintiff to satisfy a judgment against A, it is not error to submit the question of ownership to the jury, where the evidence shows that plaintiff had declared that he had nothing to do with the mill, that it had been rented to A, who was running it, and that he was out of the mill business entirely.

**Special Interrogatories.** The submission to the jury of interrogatories which do not call for ultimate facts material to the issues is not prejudicial where all the inquiries are relevant.

*Appeal from Monona District Court.*—HON. JOHN F.
OLIVER, Judge.

FRIDAY, JANUARY 27, 1899.

ACTION in replevin for certain property, on which execution against A. D. Ainsworth was levied by the sheriff of Monona county. Judgment on verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*Mackenzie & Brockett* and *T. B. Lutz* for appellant.

*J. P. Conner* and *G. A. Oliver* for appellee.

LADD, J.—An execution, issued on a judgment of S. E. Dows & Son against A. D. Ainsworth, duly assigned to P. W. Harding, was levied on wheat, buckwheat, flour and oil meal, valued at one hundred and ninety-seven dollars and eighty cents, then being in a feed mill at Ute, Iowa, owned by the plaintiff. Ainsworth was in charge of the mill, and had been for some time; whether as lessee or as manager, employed by and acting for the plaintiff, was in dispute. The products of the mill were buckwheat flour, light graham, cornmeal, and ground feed. The flour and oatmeal taken were kept for sale, but not manufactured by the mill. The defendant was permitted to show that Ainsworth, while operating the mill, declared that he had leased or rented it, and spoke of the business as his own; that bills of account sent out by him had his name printed thereon as proprietor, and that at one time he ordered suit for goods in his own name; also, that the meal sacks used (not those replevied) had these words printed on them, "Manufactured by A. D. Ainsworth, Ute, Iowa;" and that he exchanged property from the mill for merchandise for his own use, and offered to do so for other property. This evidence was not confined to the precise time the property in controversy was in Ainsworth's actual possession, nor was it explanatory of

that particular possession. But the plaintiff had testified that he was the owner of the mill and all of the property contained therein, though acquired through Ainsworth acting as his manager. It will thus be seen the title to that in controversy depended on the ownership of the whole. That declarations of a person in possession of personal property, explanatory thereof, are admissible in evidence on the issue of ownership, is not an open question in this state. *Taylor v. Lusk,* 9 Iowa, 444; *Hardy v. Moore,* 66 Iowa, 69; *Sweet v. Wright,* 57 Iowa, 510; *Blake v. Graves,* 18 Iowa, 312; *Stephens v. Williams,* 46 Iowa, 540; *Ross v. Hayne,* 3 G. Greene, 211; *Oberholtzer v. Hazen,* 101 Iowa, 340. Such declarations may be oral, in writing, or printed, if made while in actual possession, and in explanation of the capacity in which this is held; as that of agent, trustee, lessee, for another or as owner. If in possession as lessee of the mill, he was owner of the stock then kept and on hand; and his declarations to the effect that he had rented the mill, or that it was his business, amounted to no more than an assertion of such ownership. It was a declaration explanatory of his possession of all the property kept in the mill, of which that in controversy was a part, and was admissible. The evidence tended to show the plaintiff approved the printing on the sacks, and knew that Ainsworth had sued Gooch, and did not disapprove of it until after the levy of the execution. If the suit for goods sold at the mill was instituted by Ainsworth in his name, with the knowledge and without the objections of the plaintiff, this was certainly a circumstance to be considered in determining which was the owner.

II. It is insisted that the issue of ownership ought not to have been submitted to the jury. Nodle caused to be printed on the sacks, "Manufactured by A. D. Ainsworth, Ute, Iowa." The declarations of Ainsworth need not be repeated. The evidence of others tended to show that the plaintiff had said that he had nothing to do with the mill; that Ainsworth was running it; that

he (Nodle) had rented it, was out of the milling business entirely, and had nothing more to do with it, and spoke of Ainsworth doing a good business. In this state of the record, even though a written contract employing Ainsworth was in evidence, we think the ownership of the property was a question for the determination of the jury.

III.   The defendant pleaded an estoppel, and that issue was submitted to the jury. The evidence tended to show that Nodle knowingly permitted Ainsworth to hold himself out to the public as the owner of the property in suit, and that the levy of the execution was induced thereby, but not with that express intention, as Nodle knew nothing of the judgment against Ainsworth. But the business at the mill was done with the public generally; and if Ainsworth carried it on, and handled the property therein as his own, and this was known to and permitted by Nodle, the latter had good reason to understand that such property would be treated as that of Ainsworth by any one dealing with him. Such conduct, if established, was inconsistent with his claim of ownership, and ought not to be gainsaid to the injury of any one who acted upon the faith of the admission implied. Whether the defendant might claim the estoppel by reason of making the levy is not argued. See *Jamison v. Miller,* 64 Iowa, 402. The different elements of an estoppel were specifically found by the jury in answer to interrogatories propounded by the court, and the evidence heretofore mentioned in part was such as to preclude any interference by this court.

IV.   At the request of defendant, twelve special interrogatories were submitted to the jury, some of which did not call for ultimate facts material to the issue. We have held it not error to refuse interrogatories the answers to which could not affect the general verdict. *Read v. Insurance Co.,* 106 Iowa, 203; *Scagel v. Railway Co.,* 83 Iowa, 380; *Hablichtel v. Yambert,* 75 Iowa, 539; *Van Horn v. Overman,* 75 Iowa,

421; *Cormac v. Bronze Co.,* 77 Iowa, 32; *Bank v. Jennings,* 89 Iowa, 230. It is the better practice not to submit those not calling for ultimate facts, as they usually tend to confuse, rather than aid, the jury, and the answers, when made, are of no practical value. All the inquiries were relevant, however, and no prejudice could have resulted from making them. *Manatt v. Scott,* 106 Iowa, 203.

V. The appellant criticises nearly every ruling made during the trial. We have referred to those deemed of sufficient importance to require mention. With the court's finding that the jury was not guilty of misconduct we cannot interfere. We discover no prejudicial error in the record, and the judgment is AFFIRMED.