Spies v. Stein.

---

CHARLES SPIES ET AL. V. PAUL F. STEIN.

FILED DECEMBER 16, 1903.   No. 13,188.

1. **Principal and Agent:** UNAUTHORIZED ACTS OF AGENTS. The unauthorized acts and representations of an agent, not within the apparent scope of his authority, and in the absence of ratification by the principal, either actual or constructive, can not bind the principal.

2. **Replevin:** AGENCY: EVIDENCE. An agent was sent by his principal in possession of certain goods, to a distant city, where he falsely represented himself as the general agent of another principal, and a creditor of the latter attached the goods in the agent's possession. In an action by the owner to recover the possession of the goods from the constable who held them under the writ of attachment, in the absence of a showing that the owner knew of or acquiesced in the false representations of the agent, *held*, that such representations could not be shown to disprove the plaintiff's evidence that he owned and was entitled to the possession of the goods.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*Stillman & Price*, for plaintiff in error.

*W. A. Foster, contra.*

KIRKPATRICK, C.

Plaintiffs in error, a copartnership (hereinafter plaintiff), instituted a replevin action in the district court for Douglas county against Paul F. Stein, a constable (hereinafter defendant), to recover possession of certain property consisting of cans of coffee held by defendant under and by virtue of a writ of attachment. The petition contained the usual averments of ownership in plaintiff and the wrongful detention by defendant. The answer filed by defendant was a general denial. There was a trial to a jury, resulting in a verdict and judgment for defendant for $104.07, the value of the goods taken by plaintiff under its writ and retained by it, with interest and costs. The case is presented to this court by plaintiff, who alleges error in the proceedings in the lower court: First, in the admission of incompetent evidence; second, in the giving of oral instructions to the jury; third, in the submission of the case to the jury, the evidence being insufficient to sustain a verdict and judgment for defendant.

By the record, it is shown that one J. W. Johnson, some time prior to the commencement of this action, opened up offices in the Bee building in the city of Omaha, representing himself as the general agent of the C. F. Blanke Tea & Coffee Company of St. Louis, Missouri. He had in his possession the cans of coffee which are the property involved in this action. He engaged actively in the advertisement of his goods and in his business of securing orders for coffee; and, in the course of his business conduct, contracted many obligations in the name of the C. F. Blanke Tea & Coffee Company, as a result of which an attachment was sued out by the Rees Printing Company of Omaha and, under this writ, the defendant seized the goods in controversy and removed them to a warehouse for storage. Another writ by another creditor was also

levied upon the same goods.  These attachments were subsequently released upon the filing of bonds by the C. F. Blanke Tea & Coffee Company.  By the testimony in this record, an explanation of the release of these attachments upon bonds given in the name of the Blanke company is given.  That explanation is that the Blanke company disavowed all connection with, or responsibility for, or knowledge of the acts of Johnson, and disclaimed any interest in or title to the goods levied upon; but that those goods had been purchased of the Blanke company by Charles Spies & Company, plaintiff, and had been at the time of the levy of the attachments, and prior thereto, in possession of Johnson as sample goods, to be used by him for the purpose of soliciting orders for plaintiff.  When the goods were levied upon for claims against the Blanke company, that company authorized Charles Spies & Company to appear in the cases, using their own discretion as to whether to defend in the name of the Blanke company or otherwise.  At all events, it seems that after the release of the attachments, the goods were at the disposal of Charles Spies & Company, remaining in the warehouse, where they had been taken by the constable.

It is shown by the evidence that Charles Spies & Company, plaintiff, is a copartnership, located at Kansas City, Missouri, and engaged in the wholesale trade in tea and coffee.  They have a contract with the Blanke company, by which the latter is to sell tea and coffee to plaintiff at a certain price, and by which the Blanke company is not to sell any of its teas or coffees in a limited territory, including Nebraska.  Pursuant to this arrangement, plaintiff sent Johnson to Omaha to solicit orders for tea and coffee, his compensation to be a commission payable on the basis of accepted orders.

After the release of the two attachments in the manner heretofore indicated, the goods being in the warehouse subject, as plaintiff contends, to its disposal, defendant again seized the goods under a writ of attachment sued out by the Orchard & Wilhelm Carpet Company of Omaha,

on a claim against the C. F. Blanke Tea & Coffee Company. To recover the goods held under this last attachment, plaintiff instituted this action.

It is elementary that, in replevin actions, the burden of showing that the right of possession at the commencement of the action was in the plaintiff is on the plaintiff. *Moore & Cozine v. Herron,* 17 Neb. 697. The jury were properly instructed that the sole question for them to pass upon was whether or not at the commencement of the action the plaintiff was the owner and entitled to the possession of the property. Unless modified by testimony hereinafter considered, admitted over objections of plaintiff, the proof is very clear that the property in controversy belonged to plaintiff, who originally purchased it from the Blanke company, who, however, never owned it after it was placed in the possession of Johnson. The property was placed in the possession of Johnson to be used by him as samples in his work of soliciting orders for coffee sold by plaintiff. If this testimony is uncontradicted by competent testimony, it would follow that the judgment should have gone for plaintiff.

We now come to a consideration of that part of the testimony in the record upon which it is sought to sustain the judgment for defendant. It relates wholly to acts and declarations of Johnson, showing that he represented himself as the general agent of the C. F. Blanke Tea & Coffee Company of St. Louis. The purpose of this testimony was apparently to show that Johnson was the general agent of the C. F. Blanke Tea & Coffee Company, upon which to base an inference that the coffee in his possession was the property of the Blanke company and, therefore, not the property of plaintiff. This testimony, plaintiff contends, was inadmissible under the rule that acts and declarations of one claiming to be an agent, which are not shown to have been known to or ratified by the principal, can not be received in evidence against the latter. *Burke v. Frye,* 44 Neb. 223. It is further contended that, if this evidence was introduced to prove an estoppel against plaintiff to deny

that the property was that of the Blanke company, it was inadmissible for failure to show knowledge on the part of the principal of the alleged acts of the agent, and an opportunity to disavow such acts, as, in the absence of such showing, ratification will not be presumed. *Columbia Nat. Bank v. Rice & Co.*, 48 Neb. 428. On behalf of defendant it is contended that the testimony was properly admitted, as being statements or declarations of a person in possession of personal property, explanatory of such possession. *Nodle v. Hawthorn*, 107 Ia. 380; *Altschuler v. Coburn*, 38 Neb. 881.

To affirm the judgment upon the evidence in the record as to declarations of Johnson would be tantamount to saying that, where an agent is sent by his principal to a distant city in possession of property to be used for a specific purpose, such agent may represent himself as the agent of a wholly different principal, whose creditors may seize and hold the property against the real owner, notwithstanding the latter may have promptly disavowed the unauthorized representations of his agent. To so hold would be to contravene the rule that the unauthorized acts of an agent, not within the apparent scope of his authority, and in the absence of ratification by the principal, either actual or constructive, can not bind the principal. If there were evidence in this record justifying an inference that there had been an arrangement between plaintiff and Johnson, by which the latter should hold himself out as the agent of another than plaintiff, for the purpose of preventing creditors of plaintiff from seizing the property in Johnson's possession, or for any other purpose, the evidence admitted would have been admissible. But the case made is without any such evidence. The evidence relied upon to sustain the judgment is that Johnson represented himself as the general agent of the Blanke company. The property was taken under an attachment sued out by a creditor of the latter company. We do not think that evidence of the declarations of Johnson, that he was the general agent of the attachment defendant, can justify the seizure of prop-

erty otherwise overwhelmingly shown to be that of a stranger to the attachment proceedings, in the absence of any showing that the claimant to the property knew and acquiesced in the false representations of the agent. If such were the law, it would hold out a strong temptation to dishonest creditors, whose debtors lived in distant places, to induce agents holding in their possession property of others to represent themselves as the agents of such debtors, in order to supply such creditors with the basis for an attachment of the property.

It is conceded in brief of defendant that the evidence now under consideration would not have been competent in the attachment suit against the Blanke company for the purpose of proving an indebtedness against that company, but inasmuch as the sole issue in this case is, whether the plaintiff is the owner and entitled to the possession of the property, evidence as to the declarations of one in possession of the property is admissible, not as declarations of an agent offered for the purpose of binding the principal, but as declarations explanatory of the possession, whether he held in his own exclusive right, or as tenant of another, or in the capacity of partner, trustee, agent, etc. There is an absence of harmony in the decisions wherein this rule has been applied, but we are confident that none can be found which would furnish authority for the reception of this testimony, or for holding it sufficient to sustain the judgment in this case. But two cases are cited and relied on by defendant.

In *Nodle v. Hawthorn*, 107 Ia. 380, an execution was levied upon property in the possession of one Ainsworth, the property consisting of the products of a mill being run by Ainsworth. Nodle brought an action of replevin to recover this property from the sheriff. Declarations of Ainsworth were admitted to the effect that he had leased the mill from Nodle, that he was running it on his own account, and that the property was his. Nodle had caused to be printed on the sacks in which the meal seized was contained, "Manufactured by A. D. Ainsworth, Ute, Iowa,"

and he had said that he had nothing to do with the mill, that Ainsworth was running it. This evidence was held sufficient to sustain a judgment for defendant, although there was in evidence a written contract between Nodle and Ainsworth, employing the latter to run the mill for Nodle. The reason and justice of admitting evidence of the declarations of Ainsworth explanatory of his possession of the property, in an action against the sheriff holding the property under an execution against him, showing that he held the property as his own, with the knowledge and acquiescence of the plaintiff in the replevin action, are accordingly apparent. There is no similarity in the case cited to the case at bar.

In the other case, *Altschuler v. Coburn*, 38 Neb. 881, Altschuler brought an action of replevin to recover property taken by the sheriff from the possession of McGrath under an execution against Freyhan. Evidence on behalf of the defendant was admitted as to declarations made by McGrath, while in possession of the property, to the effect that Freyhan was the owner, but that McGrath was invested with the title because Freyhan was involved in debt. The admission of the testimony as to McGrath's declarations was sustained by this court, upon the ground that a sufficient foundation therefor had been laid by evidence in support of the theory of the defendant that there was a conspiracy between the plaintiff and Freyhan and McGrath, the object of which was to defraud the creditors of Freyhan. The admission of the testimony was by this court sustained expressly upon the ground indicated. But no element of fraud or conspiracy enters in this case. The unauthorized declarations of Johnson, not shown to have been brought to the knowledge of plaintiff, nor ratified by it, and which were repudiated by it upon discovery, were not admissible against plaintiff for the purpose of showing that it was not the owner of the property in controversy. The judgment is accordingly wanting in sufficient competent evidence to support it, and it is therefore

recommended that the same be reversed and the cause remanded.

DUFFIE, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.